IRA R. WHIPPLE, Appellant, *v.* THE PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA, Respondent.

Insurance (life) — provisions of policy limiting powers of agent to modify contract or waive requirements thereof — when such provision not binding on insured — managing agent — when evidence sufficient to show that local agent was authorized to waive provisions of policy.

1. Where a policy of life insurance contains a provision that no agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or making or receiving any representation or information, such provision has no contractual restrictive power in or upon the right or freedom of the company to waive the stipulation that the policy shall not take effect until the first premium is paid in full, since it is not until a waiver has been made, as in this case by the delivery of the policy to the insured, the premium being then unpaid, that the policy becomes a contract between the parties, or binding, as a whole or as to individual provisions, as a contract upon the insured.

2. Where there is evidence that the agent of a life insurance company who conducted negotiations with the applicant for a life insurance policy was designated as the " manager " of the district in which he and the applicant lived and such designation and acts of such agent, adopted by the insurance company, permit a reasonable inference that he was the agent of the company invested with the general conduct and control, within his district, of the business of the company, and that

his acts were, presumptively, those of the company, it cannot be held, as a matter of law, that he did not possess, as general agent, general powers; and where there is evidence tending to prove that such agent, by delivering the policy to the applicant before the payment of the premium thereon, waived the right of the company to prepayment, it was error, in an action brought by the beneficiary to recover the amount of the policy, for the trial court to dismiss the complaint upon the ground that the policy was inchoate and ineffective because the first premium had not been paid at the time of the death of the insured, since the evidence of a waiver furnished grounds of inference and deduction which it is the appropriate province of a jury, only, to consider.

*Whipple* v. *Prudential Ins. Co.*, 165 App. Div. 984, reversed.

(Argued October 26, 1917; decided December 4, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. M. Richardson Lyeth* for appellant. There was evidence to show that the defendant waived, or is estopped from setting up, the condition of the application requiring prepayment of the first premium. (*Boehen* v. *W. Ins. Co.*, 35 N. Y. 131; *Bodine* v. *Exchange Fire Ins. Co.*, 51 N. Y. 117; *Sheldon* v. *Atl., etc., Ins. Co.*, 26 N. Y. 460; *Wood* v. *Poughkeepsie Mut. Ins. Co.*, 32 N. Y. 619; *Snyder* v. *Nederland Ins. Co.*, 202 Penn. St. 161; Cooley Briefs on Ins. 507; *Stewart* v. *M. Life Ins. Co.*, 155 N. Y. 257; *Ames* v. *M. Life Ins. Co.*, 167 N. Y. 584; *McClelland* v. *M. Life Ins. Co.*, 217 N. Y. 336; *Wood* v. *Am. Fire Ins. Co.*, 149 N. Y. 382; *Forward* v. *Cont. Ins. Co.*, 142 N. Y. 382.)

*Alfred M. Bailey* and *Solon Weit* for respondent. There is no evidence in the record that the first premium

on the policy in suit was paid in full and no evidence of waiver by defendant of such payment, and defendant is not estopped from setting up the condition of the application requiring prepayment of the first premium in full during the lifetime and good health of the pro-posed insured as a condition precedent to its liability under the policy. (*Russell* v. *Prudential Ins. Co.*, 176 N. Y. 188; *Hewitt* v. *Am. U. L. Ins. Co.*, 32 App. Div. 109; 165 N. Y. 631; *Giddings* v. *U. L. Ins. Co.*, 102 U. S. 108.)

COLLIN, J.  The action is to recover the sum payable to the plaintiff by a policy issued by the defendant, May 22, 1912, insuring the life of Clayton J. Whipple, the husband of the plaintiff.  It is defended upon the ground that the policy was inchoate and ineffective, because the first premium had not been paid at the time of the death of the insured.  The plaintiff by plead-ing and proof averred that the defendant waived its right that the policy should not take effect until the first premium was paid in full.  At the close of the plaintiff's evidence, the trial court granted the motion of the defendant that the complaint be dismissed on the ground that a cause of action had not been proved, and gave the plaintiff an exception.  The judgment of the Trial Term was affirmed by the Appellate Division by a divided vote.

The application of the insured for the policy contained this statement: " I hereby declare that all the state-ments and answers made or to be made to the Company's Medical Examiner, shall constitute the application and become a part of the contract of insurance hereby applied for, and it is further agreed that the policy herein applied for shall be accepted subject to the privileges and pro-visions therein contained, and said policy shall not take effect until the same shall be issued and delivered

by the said Company, and the first premium paid thereon in full, while my health is in the same condition as described in this application." This application was accepted and the policy was issued and delivered to the defendant. The first premium had not been paid in full at the time of the death of the applicant on July 15, 1912. The policy provided that the defendant " In Consideration of the Application for this Policy, which is hereby made a part of this contract, a copy of which Application is attached hereto, and of the payment, in the manner specified, of the premium herein stated, hereby insures the life of the " insured as stated therein. It also contained the provision: " No condition, provision or privilege of this Policy can be waived or modified in any case except by an endorsement hereon signed by the President, one of the Vice Presidents, the Secretary, one of the Assistant Secretaries, the Actuary, the Associate Actuary or one of the Assistant Actuaries. No modification or change shall be made in this Policy except such as is in accordance with the law of the State in which the same is issued. No Agent has power in behalf of the Company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the Company by making any promise, or making or receiving any representation or information." There is neither proof nor claim by the plaintiff that the right of the defendant that the policy should not take effect until the first premium was paid thereon in full was waived in accordance with any stipulation of the provision. The defendant asserts and argues that, consequently, there could have been no legal waiver of the right. Therein it errs.

The following reasoning is sound, impeccable and established in this jurisdiction: The application is a proposition or request for the contract of insurance between the applicant and the company, the statements of which

upon its acceptance by the company bind the appli-
cant and create correlative rights to the company.    The
company may relinquish or waive any of those rights.
The obligations or rights of the applicant or of the com-
pany, arising through the application and its acceptance,
cannot be restricted or affected by any provision of the
policy, as a contract, until the policy has taken effect and
become a contract between the parties.    The provision
of the policy last quoted by us or an analogous provision
of a policy has no contractual restrictive power in or upon
the right or freedom of the company to waive the stipula-
tion that the policy shall not take effect until the first
premium is paid in full, because it is not until the waiver
has been made (the premium remaining unpaid) that
the policy becomes a contract between the parties or
binding, as a whole or as to individual provisions, as a
contract, upon the insured.    (*McClelland* v. *Mutual Life
Ins. Co.*, 217 N. Y. 336; *Stewart* v.  *Union Mutual Life
Ins. Co.*, 155 N. Y. 257; *Skinner* v.  *Norman*, 165 N. Y.
565; *Berry* v. *American Central Ins. Co.*, 132 N. Y. 49,
58; *Ames* v. *Manhattan Life Ins. Co.*, 40 App. Div. 465;
affirmed upon opinion of court below, 167 N. Y. 584;
*Russell* v. *Prudential Ins. Co. of America*, 176 N. Y. 178;
*Walsh* v. *Hartford Fire Ins. Co.*, 73 N. Y. 5; *Wood* v.
*American Fire Ins. Co.*, 149 N. Y. 382; *Haight* v. *Conti-
nental Ins. Co.*, 92 N. Y. 51.)    The defendant urges that
we decided in *Russell* v. *Prudential Ins. Co.* (176 N. Y.
178) that the stipulation in the application could be waived
only by the representatives of the company designated, and
in the manner prescribed, in the provisions of the policy
last above quoted.   We did not so decide.   The crucial
point in the *Russell* case was that the trial justice erred in
holding that, *as a matter of law*, under the evidence there,
the general agent Tennant was authorized to waive the
right of the defendant to deem the policy ineffective until
the payment of the first premium.   We said:  " The

defendant contended (at the trial) that if there was any evidence that Tennant had apparent authority to put the policy in force and waive its express conditions, and any evidence of estoppel, the questions were for the jury, but the court adhered to its view that it was a question of law upon the contract of insurance." And again: " In the case at bar there is no evidence of a course of business between the company and the insured, nor was it shown that the general agent had power to waive payment of the first premium. On the contrary, the plaintiff put in evidence the contract between the company and its general agent, which showed, affirmatively, that he possessed no such power." There was no legal evidence of a waiver, because there was no legal finding that Tennant had the authority to waive, and hence no question of waiver before us. Therefore, the controlling question in the case was, as we said: " Whether the insured is to be charged with notice of the contents of the written application, which he executed, making the same a part of the contract of insurance." When the case was in the Appellate Division, Justice HISCOCK, now the chief judge of this court, in a dissenting opinion expressed as the ground of his dissent the view that, as a matter of law, Tennant had not either real or apparent authority to waive the right given the company by the stipulation in the application. (*Russell* v. *Prudential Ins. Co. of America*, 73 App. Div. 617.) We, in the case, decided two conclusions: (1) That the trial justice erred in ruling, as a matter of law, that Tennant was empowered to waive, and, consequently, the basis of the submission of the evidence to the jury was erroneous, and (2) the stipulation in the application, accepted by the company, considered by itself, bound the applicant.

We are, therefore, to determine whether or not there was any evidence that the defendant waived its right that the policy should remain ineffective until the pay-

ment of the first premium. Our conclusion depends upon the existence or non-existence of evidence tending to prove (a) that J. W. Wilson, who delivered the policy, had authority to waive the right, and (b) that his acts and language effected the waiver. The evidence as to the authority of Wilson is meager and unsatisfactory.

The policy was delivered through the mail. The negotiations for the policy were conducted and concluded by a series of letters, the first of which appearing in evidence was from " Fred W. Tasney, Manager Western Division," to the insured under date of April 4, 1912, stating: " Our Manager J. W. Wilson of Cleveland has forwarded to this office his letter to you of March 22d with your footnote thereon to the effect that you would consider an additional policy with this Company upon the Ten Year Convertible Term plan if issued to you." A letter under date of April 15 from Tasney to the insured stated: " We are writing you again in view of the receipt of a letter from Manager Wilson today, asking as to the outcome of our correspondence." Under date of April 16, the insured wrote: " Mr. Fred W. Tasney, Western Division, Prudential Insurance Co., Newark, New Jersey," stating among other things: " Mr. Wilson understands my position and the way I felt about your Company's refusal to issue this policy." On April 18, a letter from Wilson to the insured began a correspondence which continued through many letters until July 12, 1912, and stated: " I have your letter of 16th inst. together with copy of letter to Mr. Tasney, my division manager, * * *." The correspondence related to the kinds, terms and premiums of different policies. Under date of May 16, 1912, Tasney, as " Manager Western Division," wrote the insured: " We are advised by our Manager Wilson of Cleveland to the effect that you will take additional insurance up to $5000." The correspondence

between Wilson and Whipple continued until pursuant to it Wilson sent the policy, dated May 22, to the insured by mail on May 28, and the subsequent letters from Wilson to the insured related to the adjustment and determination by Wilson of the amount of premium to be paid to Wilson by the insured. The designation of Wilson as " Manager " and the acts of Wilson adopted by the defendant permit a reasonable inference that he was the agent of the defendant invested with the general conduct and control at Cleveland of the business of the defendant and that his acts were, presumptively, those of the company. The designation of " Manager " implies general powers. It could not be held, as a matter of law, that he did not possess, as general agent, general powers. (*Saunders* v. *United States Marble Co.*, 25 Wash. 475; *Taylor* v. *Granite S. P. Assn.*, 136 N. Y. 343; *Stewart* v. *Union Mutual Life Ins. Co.*, 155 N. Y. 257; *American Car & Foundry Co.* v. *Alexandria Water Co.*, 218 Penn. St. 542; *Commonwealth* v. *Johnson*, 144 Penn. St. 377; *Ives* v. *Metr. Life Ins. Co.*, 78 Hun, 32.)

There is evidence tending to prove that Wilson effected the waiver. As there must be a new trial, we may not with propriety or correctness attempt to define the effect due, in our opinion, to any part of the evidence. A waiver, not express, is essentially a matter of intention. If the established facts permit reasonable minds to differ as to the inferences or effects from them, a question of fact arises. When facts proved without dispute require the exercise of reason and judgment, so that one reasonable mind may infer that the party voluntarily and intentionally relinquished a right or advantage, and another reasonable mind may infer that he did not, the question of waiver is one of fact. (*Alsens American Portland Cement Works* v. *Degnon Contracting Company*, 222 N. Y. 34.) In the facts that the policy was delivered, as it was, when Wilson knew that Whipple

could not pay the first premium because, apparently, neither Whipple nor Wilson nor the defendant knew the sum of it, by reason of the conditions under which the policy was issued, that Wilson in the negotiations offered to take Whipple's note for the difference in premium, payable within a reasonable time at his convenience, that Whipple stated to Wilson as his understanding that if he did not have enough money to pay the difference in the premium " when the policy issues," he would send Wilson a short time note, that the policy was delivered subject to the readjustment of the premiums and statement of the amount Whipple was to pay as stated in the letters of Wilson, there was evidence that the defendant waived its right. The evidence was inconclusive and furnished grounds of inference and deduction which it is the appropriate province of a jury only to consider.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur.

Judgment reversed, etc.