LOUIS POPPITO, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, New York County, March 22, 1928.

**Insurance — life insurance — action to recover proceeds of policy — application stated insurance company would incur no liability until policy had been issued, delivered and full premium paid to and accepted by company during insured's lifetime — decedent's refusal of policy tendered him and failure to pay premium bars recovery — recovery cannot be had under second policy since within meaning of application policy was neither delivered nor was premium paid in full.**

This is an action to recover the proceeds of a life insurance policy, the application for which recited that the defendant would incur no liability until a policy had been issued, delivered, and the first full payment made to and accepted by the company during the insured's lifetime. Prior to May 23, 1927, such a policy was issued and handed to plaintiff's decedent but he refused to accept it and failed to pay the premium. He requested a new policy and, on executing a form, paid part of the premium on June tenth. The following day he suffered injuries from which he died June fourteenth. The policy was never delivered but·decedent's wife made a tender of the unpaid balance of the premium which was refused.

Since the decedent refused the policy tendered him and failed to pay the premium no claim can be based on that policy. Nor can there be a recovery under the second policy since within the terms of the application there was neither the issuance of the policy nor the delivery of the same nor the payment in full of the first premium during the insured's lifetime.

ACTION to recover a certain sum of money upon the claim that a policy of life insurance in such amount was issued by the defendant to the plaintiff.

*Hyman & Hyman* [*S. A. Hyman* of counsel], for the plaintiff.

*E. M. & P. Grout* [*P. Grout* of counsel], for the defendant.

PETERS, J.   Action to recover the sum of $5,000 upon the claim that a policy in such amount was issued by the defendant on the life of one Paoli Poppito. Poppito, the husband of the plaintiff herein, made written application to the defendant for a policy of insurance on his life known as a sixty-five-year endowment policy, in the sum of $5,000.   Prior to May 23, 1927, such a policy, bearing number 4908629A was issued by defendant and thereafter tendered to the applicant by an agent of the defendant.   Because he felt he could not pay the premiums the applicant never accepted delivery of this policy but requested the agent to have another form of policy issued for which the premium would be lower.   The agent requested his company to write an eighty-five-year endowment policy but was informed that it would only issue a whole

life intermediate policy. The applicant orally accepted the offer of the company to write this policy, whereupon the agent informed him that before the change could be effected the applicant would have to sign form 074 D. O. and pay the first annual premium. The applicant signed this form on June 10, 1927, and gave his check for $175.80 to the agent on account of the premium with the promise that he would pay the balance upon the delivery of policy. The agent then gave him a receipt for the money received " on account of Policy Number 4908629A."

On June 11, 1927, the applicant met with an accident resulting in his death on June 14, 1927. Form 074 D. O. was subsequently received by the home office and the new policy number 4811674C together with an amendment form or consent to the change in the form of the policy was sent to the district office of the defendant on or about June 21, 1927. The agent received the new policy for delivery on June 23, 1927. He never tendered the new policy but returned it to the district office the same day. The wife of the applicant made a tender of the unpaid balance on the premium several days after the death of her husband but the same was refused by the agent. The application in question contained the following agreement: " That the company shall incur no liability under the application until it has been received, approved, and a policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the company during the lifetime of the applicant, in which case such policy shall be deemed to have taken effect as of the date of issue as recited on the first page thereof."

The Court of Appeals in *Drilling* v. *New York Life Ins. Co.* (234 N. Y. 234) said: " In *Whipple* v. *Prudential Insurance Company of America* (222 N. Y. 39, 42) this court said: ' The application is a proposition or request for the contract of insurance between the applicant and the company, the statements of which upon its acceptance by the company bind the applicant and create correlative rights to the company. * * *' He made the contract with the company with the full understanding, as we must assume, that there would be no insurance on his life until the premium was paid by him or for him while he was in good health. * * * I do not find, however, anything in this case making it unjust or a fraud upon the insured or his beneficiary for the company to insist upon its contract with Henry Drilling that no insurance was to be effected until the first premium was paid while he was in good health." Here as in the *Drilling* case we have an application signed by the applicant " the statements of which upon its acceptance by the company bind the applicant and create correlative

rights to the company." Subsequent to his signing of the application a policy was issued and tendered to him but was refused and no part of the premium was paid thereon. No claim can be based upon this policy.

As to the new form of policy it is apparent that the contracting parties had agreed upon the form which was to be issued. This is evidenced not only by applicant's oral acceptance but also by the facts that the applicant signed the form 074 D. O. which was necessary to effect the change of policy and his payment "on account" of the premium with his promise to pay the balance upon delivery of the policy.

Form 074 D. O. contained the following: "I hereby ratify and confirm the statements made in my application for the above described policy as of this date." The "above described policy" was policy number 4908629A. The fact that the agent accepted a large part of the premium for the new form of policy does not indicate that there was a waiver of the provisions of the application. There was no evidence submitted as to any agreement to waive or that the agent had any authority to waive any of those provisions. The evidence showed that the agent accepted the part payment "on account" with the assurance from the applicant that he would pay the balance upon delivery of the policy.

The defendant herein incurred no liability under the application constituting the contract between the parties, which was not modified except as to the form of policy to be issued and the amount of the premium, because there was neither the issuance of a policy by the defendant nor the delivery of the same to the applicant nor the payment in full of the first annual premium during the lifetime of the insured. Judgment is directed in favor of the defendant with an exception to the plaintiff.