14168

McNEELY v. FIDELITY MUTUAL BENEFIT ASSOCIATION

(182 S. E., 425)

*Messrs. Hicks & Johnston,* for appellant.

*Mr. W. E. Bowen,* for respondent,

November 11, 1935.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On June 14, 1934, the plaintiff-respondent served a summons and complaint upon the defendant-appellant by delivering copies of the papers to Dr. Frank Simpson, as its agent, at his home near the City of Greenville, in this State. The complaint alleged in brief that appellant is a foreign corporation, engaged in selling health and life insurance in the City and County of Greenville, but is created and organized under the laws of the State of Illinois. The action was brought under Sections 7968 and 7969 of the Code of Laws of South Carolina, 1932, which provides (Section 7968), that should any such insurance company (unlicensed to do business in this State), violate the provisions of this chapter, such company should be fined in a sum not to exceed $1,000.00, and not less than $500.00, to be recovered, in any Court of competent jurisdiction of this State, by any citizen having a policy of insurance in said company.

The complaint further alleges that prior to February 7, 1934, Dr. Frank Simpson solicited respondent for insur-

ance, at that time acting as agent for the appellant, and on said date the appellant issued to respondent an insurance policy in the amount of $1,000.00; that appellant has violated the aforementioned sections of the Code of Laws of South Carolina, in that it has failed to obtain a license from the Insurance Commissioner of this State, and is not authorized to conduct business therein; and by reason of the violation of the statute the respondent is entitled to judgment against the appellant in the sum of $1,000.00.

The appellant having failed to answer, demur, or serve notice of appearance, default judgment was taken in favor of the plaintiff in accordance with law. The question of the amount of the judgment was submitted to the jury before his Honor, Judge John L. Plyler, Judge of the County Court of Greenville, and resulted in a verdict for the plaintiff in the sum of $1,000.00, and costs. Upon this verdict judgment was duly entered against the defendant.

It is admitted that the appellant received the copy of the summons and complaint on June 21, 1934—seven days after it had been served upon Dr. Simpson, its alleged agent. No action whatever was taken by the appellant until January 10, 1935, at which time its attorneys served a notice of motion to set aside the judgment, to be heard by the County Judge, the motion being based upon these grounds: (1) That the summons and complaint in the action were never served upon the defendant or upon any of its agents or servants, and therefore the judgment is utterly null and void; (2) that as shown by the affidavits the judgment was procured against the defendant by mistake, inadvertence, and excusable neglect; and (3) that the defendant has a meritorious defense to the action brought by the plaintiff.

The motion was heard by the County Judge upon the complaint and affidavits submitted by both sides. By his order he refused the motion, and it is from this order that the appeal is now taken to this Court.

The exceptions raise only the two following questions:

"(1) Was appellant doing business in the State of South Carolina at the time the policy was issued?

"(2) Was the summons and complaint served upon an agent or servant of the appellant? (If it was not, then no valid service was made, the judgment would be void, because of lack of jurisdiction, and should be set aside.)"

Both questions must be answered in the affirmative.

An examination of the evidence submitted by way of affidavits at the hearing before the County Judge fully justified his order.

It is the settled rule of this Court that, if the circuit Court (here the County Court), finds as matter of fact that the foreign corporation is doing business in this State, and that the person served is the agent of the corporation sued, such finding is binding on this Court, unless there is no evidence to support such finding. The question then becomes one of law. *March v. Union Trust Company of Maryland,* 175 S. C., 291, 179 S. E., 34, and cases therein cited.

The defendant, in an interesting, significant and highly revealing affidavit, made by its executive director, outlined in considerable detail its method of doing business in this State as an unlicensed insurance company. Therein it is stated that in September, 1932, it issued and delivered to L. F. Simpson what is termed a "Commission of Authority," which reads as follows:

"Whereas, the person whose name and address appears below is a duly appointed organizer for the above named Associations which are chartered by the State of Illinois and under the strict jurisdiction of the Illinois Insurance Department, it hereby meets with the approval of the Associations for L. F. Simpson, R. No. 4, Piedmont, S. C., to interest other eligible persons to share in the benefits of the Associations by becoming members thereof and to act for them in submitting applications for the approval of the Associations.

"In witness whereof, I have hereunto set my hand and Official Seal this 26th day of Sept., 1932.

"[Signed]   Frank W. Williams, Pres."

·L. F. Simpson and Dr. Frank Simpson are one and the same person.

In his affidavit, Dr. Simpson says that acting as such "organizer," he solicited and secured applications on the company's forms for benefit certificates in the defendant company, charging $4.00 as a membership fee, and $1.00 as an enrollment fee with each application; and that he retained the $4.00 as his compensation, and forwarded the applications and the enrollment fees to the defendant at Rockford, · Ill. The transaction would thereafter be completed by mail between the defendant and the applicant.

■ The only conclusion to reach from a consideration of these admitted facts and the evidence as a whole is that the defendant-appellant adopted and pursued a plan for the furtherance and transaction of its business in the State which involved a flagrant violation of the Code sections under which this action is brought.

■ The County Judge was amply warranted in holding under the evidence that (a) L. F. Simpson was the duly authorized agent of the appellant at the time plaintiff's policy was issued and at the time service of the summons and complaint was made upon him; (b) that appellant was doing business in this State as an unlicensed insurance company, both at the time the said policy was issued, and when the summons and complaint were served; and (c) that the judgment in this case was not taken against the appellant through its mistake, inadvertence, surprise, or excusable neglect. *Forbes v. Kingan & Co.,* 174 S. C., 24, 176 S. E., 880; *Richardson v. Frigidaire Corporation et al.,* 168 S. C., 473, 167 S. E., 681; *Dyar v. Georgia Power Company,* 173 S. C., 527, 176 S. E., 711; *Abbeville Electric Light & Power Company v. Western Electrical Supply Company,* 61 S. C., 361, 39 S. E., 559, 55 L. R. A., 146,

85 Am. St. Rep., 890; *Thompson v. Queen City Coach Company,* 169 S. C., 231, 168 S. E., 693.

All exceptions have been considered, and are overruled.

It is the judgment of this Court that the order appealed from be, and the same hereby is, affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.