15261

JONES v. GENERAL MOTORS CORPORATION

(14 S. E. (2d), 628)

*Messrs. Haynsworth & Haynsworth,* for appellant,

*Mr. W. E. Bowen* and *Mr. C. S. Bowen,* for respondent,

May 14, 1941.

The opinion of the Court was delivered by M̲r. Associate Justice Fishburne.

This appeal presents two questions for determination: (a) Was the defendant, General Motors Corporation, a foreign corporation, "doing business" within the State in the sense required to subject it, absent consent, to the jurisdiction of our Courts? (b) Was service of process made on its agent so as to support a personal judgment against it? The lower Court answered in the affirmative, and we are asked to review the judgment.

The plaintiff alleged that he purchased a Buick automobile manufactured by the defendant from a dealer at Easley, South Carolina, under a warranty that the automobile was of good workmanship, in sound condition, and that the defendant, within a period of ninety days, and before said car had been driven 4,000 miles, would repair any defects which might appear or develop therein. It is further alleged that within said period and after the car had been driven about 1,750 miles, the motor proved to be seriously defective in various particulars, and that although plaintiff promptly notified the defendant thereof, it failed to make proper repairs, and thereby breached its warranty, to plaintiff's damage.

The summons, without complaint attached, was served on one R. B. Deal on August 31, 1939, while he was temporarily in the State, and the complaint was filed in the office of the Clerk of Court on September 7, 1939. The defendant did not appear, answer or demur, and a judgment was rendered against it in accordance with law at the following (November) term of the Court, in the sum of $500.00. Thereafter, the defendant having been notified of the judgment, specially appeared, after notice, before the Circuit Court for the sole purpose of making a motion to set aside and vacate the default judgment. At the hearing below each side submitted affidavits.

Letters under date August 4, 1939, and August 7, 1939, respectively, written by the General Motors Sales Corporation, Buick Motor Division of Atlanta, Georgia, both ad-

dressed to the plaintiff, show that he had complained to the corporation relative to the defects in his car. The automobile not having been repaired, or not having been repaired satisfactorily to the plaintiff, he addressed a letter on August 20, 1939. to Mr. Alfred P. Sloan, president of the defendant, General Motors Corporation, in New York, seeking to have the condition remedied. To this letter he received the following reply from the defendant, bearing date August 25, 1939:

"Dear Mr. Jones:

Mr. Sloan has asked me to acknowledge on his behalf receipt of your letter of August 20th with reference to your Buick car.

"He is sorry to learn of the difficulties you report and appreciates your interest in writing to him as you have. Our warranty which is similar to that of all manufacturers provides for the repair or replacement of any parts which may prove defective within the warranty period. We have always interpreted this warranty in such a manner as to properly protect the equities of all concerned.

"It is of course difficult from this distance to attempt to make any specific comments on your problem but in order that it may receive every possible consideration we are asking Mr. E. E. McIndoo, Buick Zone Manager at Atlanta, who has complete supervision over all Buick activities in your area, to review it further for you. You may expect to hear directly from his office within a few days.

"Very truly yours,
"(Signed) Adam K. Stricker, Jr.
"General Motors Corporation."

Within five days thereafter, on August 30th, the plaintiff received from Mr. McIndoo, Buick zone manager at Atlanta, a telegram informing him: "Our representative will telephone you late today or early tomorrow morning and make definite appointment with you to meet him in Easley."

Pursuant to the telegram the plaintiff met at Easley, Mr. R. B. Deal, the representative referred to in the telegram, who according to the plaintiff, told him that he had come at the instance of the defendant corporation to attempt if possible to adjust his grievances with reference to the defective motor about which the plaintiff had written the defendant. It appears that after a lengthy discussion, and after the car had been tested, the summons in this action was served upon Mr. Deal, as agent of the General Motors Corporation. Thereafter, the plaintiff, Mr. Deal, and plaintiff's attorney, Mr. Bowen, in the latter's office, further discussed the matter. Upon being introduced to plaintiff's attorney, Deal presented him with a card bearing the following notation beneath the name of R. B. Deal: "Adjuster, General Motors Corporation." At this time, according to plaintiff's affidavit, which is supported by that of his attorney, Mr. Bowen, Deal explained that it was his duty to travel several states in the interest of the defendant, adjusting or attempting to adjust just such matters as had brought him to Easley in connection with plaintiff's car, and he expressed the belief that if given a few days he could satisfy the plaintiff. Mr. Deal exhibited a catalogue or booklet containing the warranty clause of the defendant, and attempted to point out what the defendant was required to do, and what it was not required to do under said warranty. Upon leaving the attorney's office, Mr. Deal is quoted as saying that he was confident that the matter would be adjusted by the defendant.

Counter affidavits submitted by the defendant denied that Deal was its agent or employee; denied generally that Mr. McIndoo (of General Motors Sales Corporation) was its agent; and further denied that it had been at any time "doing business" in South Carolina.

The affidavit of Mr. McIndoo tends to show that Deal was an employee of General Motors Sales Corporation, and under instructions was sent to Easley to inspect plaintiff's car and recommend necessary repairs, but that Deal was not

the defendant's agent and had no power or authority to contract on behalf of the defendant.

The defendant contends that Deal was not an agent upon whom process might be served, and that at the time of the attempted service upon him it was not doing business in South Carolina.

There is no one invariable or universal test by which it may be determined whether the person served in an action against a foreign corporation was a proper or competent person for that purpose. The term "any agent," as used in our statute (Section 434, 1932, Code), providing for service on foreign corporations, does not require that the agency be general, but the statute is complied with by service upon an agent having limited authority to represent the corporation. The words "any agent," as used in the statute, were intended to have a broad meaning, and must be liberally construed to effectuate the legislative intent. *Forbes v. Kingan & Co.,* 174 S. C., 24; 176 S. E., 880. Generally, the person served must have some measure of control over the business intrusted to him, or of some feature thereof, and not a mere subordinate employee, without discretion. He must have representative capacity and derivative authority.

The test usually applied is, whether the agent served sustains such relation to the corporation or to the business out of which the alleged cause of action arose as to justify a fair and reasonable inference of a duty on his part to communicate the fact of service to the corporation. In other words, process must be served on an agent having such a relation to the corporation that notice to the agent may well be deemed notice to the principal, without a violation of the principles of natural justice. It is not the descriptive name employed, but the nature of the business and the extent of authority given and exercised, which is determinative. *Peterson v. Chicago, R. I. & P. R. Co.,* 205 U. S., 364, 27 S. Ct., 513; 51 L. Ed., 841; *Connecticut Mutual Life Insurance Co. v. Spratley,* 172 U. S., 602, 19 S. Ct.,

308, 43 L. Ed., 569; *Abbeville Electric Light & Power Co. v. Western Electrical Supply Co.,* 61 S. C., 361, 39 S. E., 559, 55 L. R. A., 146; 85 Am. St. Rep., 890; 23 Am. Jur., Section 525, page 543, 20 C. J. S., Corporations § 1942, page 206, *et seq.*

If it appear that there is a law of the state in respect to the service of process on foreign corporations, and that the character of the agency is such as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service the law will and ought to draw such an inference and to imply such authority, and service under such circumstances and upon an agent of that character will be sufficient. *Connecticut Mutual Life Insurance Co. v. Spratley,* supra; *St. Clair v. Cox,* 106 U. S., 350, 1 S. Ct., 354, 27 L. Ed., 222; *McDonald Service Co. v. Peoples National Bank of Rock Hill, South Carolina,* 218 N. C., 533, 11 S. E. (2d), 556.

The provisions of our statute (Code, Section 434), dealing with the service of process upon foreign corporations, and with special reference to the particular issue before us. have been discussed by our Court in numerous cases, and applied under variant circumstances. *Zeigler v. Puritan Mills,* 188 S. C., 367; 199 S. E., 420; *Lipe v. Carolina C. & O. R. Co.,* 123 S. C., 515; 116 S. E., 101; 30 A. L. R., 248; *State v. W. T. Rawleigh Co.,* 172 S. C., 415; 174 S. E. 385; *Dyar v. Georgia Power Co.,* 173 S. C., 527; 176 S. E., 711; *Wiggins & Sons v. Ford Motor Co.,* 181 S. C., 171; 186 S. E., 272.

Analyzing the letter ·written by defendant to the plaintiff, and considering the unbroken sequence of events which followed, we think there can be no doubt that a sufficient showing has been made that General Motors Sales Corporation, acting through R. B. Deal, was an agent of the defendant upon whom process might be served. Deal was a representative of the defendant corporation with derivative authority, and was acting for it in respect to the very transaction out of which the action arose,

and we can see no reason why service on him was not service upon the defendant corporation; or why the defendant corporation was not, in the person of Deal, and during the time covered by his presence in the State for such purpose, present itself within the State. It is significant, too, that the defendant makes no contention that R. B. Deal, the person upon whom the process was served, failed to transmit the summons in this action to it, and nowhere does the defendant intimate that it lacked knowledge of the pendency of the action.

The facts in this case are substantially the same as those presented in *Abbeville Electric Light & Power Company v. Western Electrical Supply Co., supra,* in which this Court, after a full discussion of the authorities, held that the agent of a foreign corporation, temporarily in this State on a mission concerning the very matter over which the action arose, was the proper person upon whom process might be served to acquire jurisdiction. And see Annotation, 113 A. L. R., 9. 145.

What constitutes "doing business" by a foreign corporation cannot be formulated in an all-embracing rule, because the solution of the question depends upon and is controlled by the facts of the particular case. *St. Louis S. W. R. Co. v. Alexander,* 227 U. S., 218, 33 S. Ct., 245, 57 L. Ed., 486, Ann. Cas., 1915-B, 77.

We have held that where a foreign corporation sends an agent into the State for the transaction of its corporate business—a business or transaction out of which the cause of action arises—it may be regarded as doing business in the State to the extent that service of process upon such agent will give the Courts of this State jurisdiction. This rule is based upon an implication arising from the facts of the case that the corporation does business or has business in the State for the transaction of which it sends an agent here. It prevails where the officer or agent is in the State with reference to the settlement or adjustment of the

138

claim sued upon, since in such case the mere presence of the officer or agent for such a purpose may be held to constitute the doing of business in the State. *Abbeville, etc., Co. v. Western Electrical, etc., Co., supra; St. Clair v. Cox, supra; St. Louis S. W. R. Co. v. Alexander, supra;* 23 Am. Jur., Sections 363, 491, pages 341, 487; 20 C. J. S., Corporations, § 1920 (3), page 162.

It is the settled rule of this Court that if the Circuit Court finds as matter of fact that the foreign corporation is doing business in the State, and that the person served is the agent of the corporation sued, such finding is binding upon this Court, unless there is no evidence to support such finding. The question then becomes one of law. We are unable to say that there is no evidence to sustain the findings of the Circuit Judge. See *McNeely v. Benefit Fidelity Mutual Association,* 178 S. C., 247, 182 S. E., 425; *March v. Union Trust Company of Maryland,* 175 S. C., 291, 179 S. E., 34, and cases cited therein.

In our opinion, the defendant was "doing business" in South Carolina within the meaning of the decisions of this Court and process was duly served upon its agent so as to give jurisdiction to the Courts of this State.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.