140 So.2d 125 (1962)
H. BELL & ASSOCIATES, INC., an Illinois Corporation, Appellant,
v.
KEASBEY & MATTISON COMPANY, a Pennsylvania Corporation, Appellee.
No. 61-566.
District Court of Appeal of Florida. Third District.
April 24, 1962.
*126 Robert R. White, Miami, for appellant.
Frank & Weston and Morton R. Goudiss, Miami Beach, for appellee.
Before HORTON, CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
The appellant appeals from an adverse summary judgment rendered by the trial judge in an action commenced by the appellee against the appellant for merchandise sold and delivered. Both parties are foreign corporations, and the transaction involved took place outside the State of Florida.
The appellant urges vigorously that the Florida courts lack jurisdiction of its person, and that it was error for the trial judge to deny its motion to dismiss on this ground. It is an established principle that each case involving the question of jurisdiction over a foreign corporation, which has failed to qualify to do business in this state, must be determined from the facts of each particular case. It is conceded that the appellant did not qualify to do business in the State of Florida and it contends, in fact, that it did not transact business within the State of Florida sufficient to bring into play the "minimum contact" rule referred to in Crockin v. Boston Store of Ft. Myers, 137 Fla. 853, 188 So. 853; 20 C.J.S. Corporations § 1830 and cases cited therein.
Service of process in the instant case was had upon the appellant by serving an individual who, it appears from the record, was the "head of the corporation". The record discloses that this corporation was formed in the State of Illinois in the early 1950's and its officers consisted of a family group composed of the senior Bell [who passed away in 1957] and two sons, John and Robert Bell, together with certain participation by their mother; that its principal business was in the nature of a merchandise broker for municipal governments and other political subdivisions; that it maintained no substantial inventory, warehouse or manufacturing facilities. After the senior Mr. Bell passed away in 1957, the family moved to the State of Florida, one of the brothers having separated himself from the company prior to his moving to Florida and his only connection being in an advisory capacity. The other brother, upon whom process was made, managed the business affairs of the corporation with the assistance of a bookkeeper, who remained in the offices in Illinois. Upon his arrival in Florida, stationery was ordered in the name of the appellant, disclosing a local telephone number and address. The great bulk of the business of the corporation was conducted by telephone and this procedure was followed both in the State of Illinois and in the State of Florida. Certain business records of the corporation were, at times, maintained in Florida, and the only person responsible for the management of the corporation was in Florida conducting affairs for the corporation [which consisted primarily in the winding up of corporate affairs]. It therefore appears that such activities as the corporation engaged in in its final years of existence [its business now being terminated] were done from the State of Florida and this was a sufficient "minimum contact" to sustain the trial judge's order denying the motion to dismiss because of lack of jurisdiction over the person.
It appears that service in this case was instituted pursuant to the provisions of § 47.17 Fla. Stat., 1959, F.S.A., which reads in part as follows:
"Process against any corporation, domestic or foreign, may be served:
"(1) Upon the president or vicepresident, or other head of the corporation; and in the absence of such head: * * *
"(5) If a foreign corporation shall have none of the foregoing officers or agents in this state, service may be *127 made upon any agent transacting business for it in this state."
The appellant has cited many authorities which support the doctrine that an isolated transaction by a foreign corporation, performed through an agent which has no responsibility for the management of the corporation, will not suffice for a doing of business to bring the corporation under the "minimum contact" rule. The case at bar is distinguished from these authorities in that the service was perfected upon the only managing official of the corporation, who was in the state not for the purpose of an isolated transaction but obviously for the general enhancement of the business.
In the determination of this case, we have considered the case of Zirin Enterprises v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594, and authorities cited therein, for the purpose of determining whether the principles enunciated therein require that in order to sustain service upon a foreign corporation, not qualified to do business in this state, it is necessary not only to show a "minimum contact" but also to show that the cause of action sued upon arose out of a transaction which occurred in this state. If this case is controlling, the order denying the motion to dismiss should be reversed, and the cause remanded with directions to vacate the summary judgment entered against the appellant. However, a reading of this case reveals that service was not perfected upon the class of officials enunciated in § 47.17(1) Fla. Stat., 1959, F.S.A., but was in fact perfected upon an agent of the corporation, as provided in § 47.171 Fla. Stat., 1959, F.S.A. The language of § 47.171 Fla. Stat., 1959, F.S.A., requires that the agent be "* * * transacting business for it in [this state]." Zirin Enterprises v. Charles Pfizer & Co., supra, has engrafted on this terminology, which is also used in §§ 47.16 and 47.17(5), the further condition that the cause of action must accrue out of a transaction which occurred in this state for the service of process to be good. No such conditional limitation, as contained in § 47.17(5) Fla. Stat., 1959, F.S.A., is contained in subsection (1) thereof. Under the rules of statutory construction, by the failure to include the conditional limitation on each subsection, it was apparently not the intention of the legislature to make as a requirement to valid service upon those classes of persons enumerated in subsection (1) of the statute a finding that they were transacting business for the corporation in this state and, as elaborated by the supreme court in Zirin Enterprises v. Charles Pfizer & Co., supra, that the cause of action must have arisen out of the transaction in this state. There is a logical explanation as to why the legislature would not have engrafted this requirement upon subsection (1): the purpose of process is to advise the party of the nature of the action brought against him. Valdosta Milling Co. v. Garretson et al., Fla. 1951, 54 So.2d 196; Mason et al. v. Mason Products Co., Fla. 1953, 67 So.2d 762; 25 Fla.Jur., Process, § 3. The test used to determine if service upon an agent is sufficient to constitute service upon a corporation is whether or not, in fact, the corporation will receive notice of the action. Socony-Vacuum Oil Co. v. Superior Court, 1939, 35 Cal. App.2d 92, 94 P.2d 1019; Jones v. General Motors Corporation, 1941, 197 S.C. 129, 14 S.E.2d 628; Thompson v. Ford Motor Co., 1942, 200 S.C. 393, 21 S.E.2d 34; 23 Am.Jur., Foreign Corporations, § 523; 20 C.J.S. Corporations § 1942, p. 208. Obviously, there is no necessity to have this test applied to a managing official [the class defined in § 47.17(1) Fla. Stat., 1959, F.S.A.], because service is accomplished upon the one in whom responsibility for the management policies of the corporation reposes. Of course, there is still another reason why Zirin Enterprises v. Charles Pfizer & Co., supra, is not applicable to § 47.17(1), as it is clearly pointed out in that opinion that this statute was not involved in that decision.
*128 We have also re-examined the opinion of this court rendered in Amphicar Corporation of America v. Gregstad Distributing Corporation, Fla.App. 1962, 138 So.2d 383, and hereby recede from so much of that decision as may be in conflict with this opinion on the necessity for showing that the cause of action sued upon arose out of a transaction occurring in this state, when a foreign corporation [not qualified in this State] is sued and process is obtained by serving an executive officer of the corporation under § 47.17(1) Fla. Stat., 1959, F.S.A.
Based on the foregoing, we find that the appellant was doing sufficient business in Florida to come within the "minimum contact" rule and that there was valid service of process on the defendant, under § 47.17(1) Fla. Stat., 1959, F.S.A. Therefore, the trial court was correct in denying the motion to dismiss, and no error being urged on the rendition of the summary judgment, it is hereby affirmed.
Affirmed.