PER CURIAM.
This is an appeal by the plaintiff below from an order which dismissed his complaint. Plaintiff resided in Florida and was an employee of the defendant railroad company. His complaint, filed in Dade County, Florida, for damages allegedly resulting from the company’s negligence, was dismissed for “insufficient process and service of process”. The defendant is a foreign corporation, not authorized to do business in Florida, and owns no tracks and operates no trains in this state. It maintains agents in Florida who are engaged in soliciting business to be handled by the company in other states. The business solicited by the company’s agents in Florida was not for carriage within or for shipments into Florida,-and the cause of action sued upon did not arise in Florida or out of activities of the defendant corporation conducted in Florida. On the facts of this case, service on the company’s agent in Florida, designated on the return as the freight agent, was not sufficient under §§ 47.17 or 47.171, Fla.Stat., F.S.A. to confer jurisdiction over the defendant corporation, and in so holding the trial judge was eminently correct. Zirin v. Charles Pfizer & Co., Fla.1961, 128 So.2d 594; H. Bell & Associates, Inc. v. Keasbey & Mattison Co., Fla.App.1962, 140 So.2d 125.
Affirmed.