CABOT, TED, Associate Judge.
This is an appeal from a final judgment and from two orders denying motions to set aside the final judgment and permit defendant to file its answer, brought by one of the defendants against whom a default judgment had been rendered. The appeal on the first order denying motion *560 to set aside the final judgment was abandoned and proceeds as to the second such order and as to the final judgment. The other defendants did not appeal.
W. O. Roudabush, appellee-plaintiff, secured a $2,000.00 judgment plus costs of $39.95, on August 5, 1963, in a suit for conversion of 25 horses and 13 saddles. The complaint, which was filed June 20, 1963, names four individuals, George Remington, a/k/a George H. Remington, James E. Brown, S. S. Morrison, Jr., and Allen E. Smith, and two corporations, Holiday Ranch, Inc., and Cowboy Ranch, Inc., defendants. Service of process was had on the two corporations and on two of the individuals (Remington and Brown), but no attempt was made to serve the remaining two individuals. When no answer or other pleading was timely served by any of the defendants, the plaintiff took a default and the subsequent judgment against Holiday Ranch, Inc., the appellant here, and against Remington and Brown.
One month after the judgment was entered, appellant-defendant, Holiday Ranch, Inc., filed a sworn motion to set aside final judgment and permit answer to be filed, attaching affidavits and other proofs, which showed, inter alia, (1) that service on defendant, Holiday Ranch, Inc., was made by service upon James E. Brown as president though James E. Brown was not president nor had any connection with Holiday Ranch, Inc., at that time and that plaintiff and/or his counsel were aware of this; (2) that S. S. Morrison, Jr., and Allen E. Smith, named defendants who were not served nor attempted to be served, were both stockholders and then connected with Holiday Ranch, Inc., and that this was known to plaintiff and/or his counsel; (3) that Allen E. Smith was at that time general manager of Holiday Ranch, Inc., and had been at all times since a time prior to institution of the suit; (4) that Holiday Ranch, Inc., had had no contact nor dealings with plaintiff, was not indebted to and did not have possession of any property belonging to or incumbered to plaintiff; (5) that on February 6, 1963, Holiday Ranch, Iné., was wholly owned by Samuel S. Morrison and James E. Brown and wife and that a sale took place at that time which resulted in stock ownership therein as follows : S. A. Smith — 60%, Morrison — 20%, and Brown and wife — 20%; (6) that Brown later, on April 9, 1963, sold his remaining stock therein and represented that transactions between plaintiff, W. O. Roud-abush, and himself were for his own account and Holiday Ranch, Inc., had no liability therefor; and (7) that Holiday Ranch, Inc., nor any of its officers, stockholders, employees or agents had any knowledge of the pendency of this cause until the Sheriff of Orange County, Florida, attempted to levy against the corporation on August 28, 1963, bringing with him George H. Remington, one of the named and served defendants.
The plaintiff filed in opposition an affidavit by his counsel with attached letter from the Secretary of State dated June 24, 1963, reflecting that as of June 1, 1962, James E. Brown was president of Holiday Ranch, Inc., and that no designation of resident agent had been made.
Upon hearing before the Court on the foregoing proofs and with no testimony taken, the said motion was denied by the Court and this appeal ensued.
The first two points on appeal question the validity of the final judgment as being unsupported by the evidence and contrary to law. The third point is that the trial court erred in denying appellant’s motion to set aside final judgment and permit appellant-defendant, Holiday Ranch, Inc., to answer.
Since we find for appellant on the third point it is unnecessary to discuss the first two points. We observe, however, that it is impossible for this court to pass on whether the evidence taken before the trial court is sufficient to support the final judgment, since we have been furnished with no transcript, stipulated statement of *561 facts or other showing as to what evidence was before that court. Fricke v. Gaines Construction Co., Fla.App.1958, 105 So.2d 374.
As to the third point, appellant contends that the trial court erred in failing to set aside the default judgment as to the appellant corporation because service of process on it was made by serving James E. Brown as president, whereas James E. Brown was not president and had no connection with the corporation at that time; that Morrison and Smith, named defendants who were not served, were connected with the corporation at the time, were available for service and had they been served, the fact of such service would have been known to the appellant; that the corporation maintained its place of business in accordance with Fla.Stats. § 47.34 et sequi, F.S.A., and had service of process been attempted their corporate officers would have been available for service.
We agree with appellant’s view and hold that under these circumstances plaintiff was not justified in relying solely on the certificate of the Secretary of State listing James E. Brown as president of appellant corporation.
 As stated in the case of H. Bell & Associates, Inc. v. Keasbey & Mattison Co., Fla.App.1962, 140 So.2d 125, 127:
" * * * the purpose of process is to advise the party of the nature of the action brought against him. Valdosta Milling Co. v. Garretson et al., Fla. 1951, 54 So.2d 196; Mason et al. v. Mason Products Co., Fla. 1953, 67 So. 2d 762; 25 Fla.Jur., Process, § 3. The test used to determine if service upon an agent is sufficient to constitute service upon a corporation is whether or not, in fact, the corporation will receive notice of the action. Socony-Vacuum Oil Co. v. Superior Court, 1939, 35 Cal.App.2d 92, 94 P.2d 1019; Jones v. General Motors Corporation, 1941, 197 S.C. 129, 14 S.E.2d 628; Thompson v. Ford Motor Co., 1942, 200 S.C. 393, 21 S.E.2d 34; 23 Am.Jur., Foreign Corporations, § 523; 20 C.J.S. Corporations § 1942, p. 208.”
In the case of Allison v. Handy-Andy Community Stores, Inc., Fla.1934, 156 So. 521, a case factually similar to the instant case, but arising out of an original “bill in equity,” the trial court was affirmed in denying the motion to dismiss. Either an original suit or a motion to set aside, as here, are proper remedies to test the validity of service of process under such circumstances. Green v. Hood & McCall, Fla.1957, 98 So.2d 488.
“The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.” Coggin, et al. v. Barfield, Fla. 1942, 8 So.2d 9, 11. The appellant offers to proceed to trial without delay and the motion to set aside reveals a meritorious defense.
The setting aside of defaults by the trial court is a matter of discretion, but subject to appellate review and reversal if gross abuse of discretion is found. Coggin et al. v. Barfield, supra. Under all the circumstances here shown, we conclude the action of the trial court in denying appellant-defendant’s motion to set aside the final judgment and permit defendant to file its answer is such an abuse of discretion as to call for reversal.
It is so ordered, with directions to the circuit judge to permit the appellant-defendant, Holiday Ranch, Inc., to file its answer within twenty days after the filing of the mandate in the circuit court.
Reversed.
SHANNON, Acting C. J., and WHITE,. J., concur.