13584

STATE *EX REL.* KERNS v. CONNECTICUT GENERAL LIFE INS. CO. OF HARTFORD, CONN.

(167 S. E., 833)

*Mr. John R. Bates,* for appellant,

*Messrs. Haynsworth & Haynsworth,* for respondent,

February 15, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought in the Court of Common Pleas for Greenville County by the State of South Carolina against the defendant insurance company, a foreign corporation, to recover the sum of $36,570.00, alleged to be due as penalties for doing business in the State without complying with the requirements of an Act of the Legislature, March 24, 1922 (32 Stat. at Large, page 1023), providing for domestication by foreign corporations. It is alleged that "the defendant is now and for several years, last past, has been conducting an insurance business in the State of South Carolina by insuring the lives of the employees of Gulf Oil Corporation by Group and Contributory Group Life Insurance contracts made and entered into within the State of South Carolina, and delivered to the employees of Gulf Oil Corporation within this State, collecting the premiums therefor from the said employees of the Gulf Oil Corporation within the County of Greenville, State of South Carolina."

It was further alleged, by way of detail: "On information and belief that through and by the contractual arrangement that the defendant has with the Gulf Oil Corporation, its subsidiaries, and branch offices and officers, that the

local office and officers within the County of Greenville, South Carolina, procures the applications from its, Gulf Oil Employees, for life insurance, collects and/or withholds the premiums that are to be and are paid according to the terms of the Contributory Group Insurance Certificates out of the wages earned by said employees of Gulf Oil Corporation, and remitted to defendant; keeps the books and records of original entry of business done through and by Gulf Oil Corporation, for itself, its agents, for the benefit of itself, agents, and employees, and for the benefit of defendant in keeping the lives of the Gulf Oil Corporation employees insured in this County and State aforesaid." The summons and complaint were served upon W. F. Kelly, H. E. Roe, and G. M. Eskew, all of whom are employees, in some capacity, of the Gulf Oil Corporation or the Gulf Refining Company, its subsidiary, at Greenville, S. C.

Upon due notice to the plaintiff, the defendant made special appearance for the purpose of moving the Court to set aside the service of summons and complaint upon the following grounds: (1) That the defendant insurance company was not doing business in South Carolina; and (2) that the persons served were not agents or representatives of the defendant. The motion was heard by Hon. M. M. Mann, Circuit Judge, who made the following order: "The defendant in this case appeared specially for the sole purpose of making motion to set aside service of the summons and complaint. This motion was heard upon the record, certain affidavits, copies of the group policies and other documents. After argument I conclude, as a matter of fact, that the defendant is not engaged in business in this State and that the parties upon whom service was made are not the agents or representatives of the defendant, and I hold the service is, therefore, void."

The plaintiff has appealed, assigning error to the Court in finding and holding that defendant's motion should be sustained on both grounds.

The point is made by counsel for respondent that the exceptions raise only questions of fact, and that under the well-established rule findings of fact in a law case are not subject to the review of the Supreme Court, unless wholly unsupported by evidence. This position is sustained by our decisions. In *Lipe v. Railway Company*, 123 S. C., 515, 116 S. E., 101, 30 A. L. R., 248, the Court said: "A conclusion as to either of the points indicated [similar to the questions presented here] necessarily involves the determination of a question of mixed law and fact, but the result of such determination by the Circuit Judge is essentially a finding of fact which this Court has no power to review, unless wholly unsupported by evidence or manifestly influenced or controlled by error of law"—citing cases. See, also, *Bass v. Corporation*, 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Singletary v. Seed Company*, 145 S. C., 539, 143 S. E., 269. A review of the evidence presented at the hearing of the motion in the Court below is unnecessary, and would serve no useful purpose. It is sufficient to say that we have made a careful examination of the affidavits, group policies, and other documents, which were before the Circuit Judge, and we cannot say that his findings and holdings, that the defendant "is not engaged in business in this State," and that the "parties upon whom service was made are not the agents or representatives of the defendant," are "wholly without evidence to support them or manifestly attributable to an erroneous conception or application of the law." On the contrary, the evidence was ample to support the conclusions reached. See the following cases for an instructive discussion of the questions involved: *Thull v. Assurance Society*, 40 Ohio App., 486, 178 N. E., 850; *Davis v. Insurance Company*, 161 Tenn., 655, 32 S. W. (2d), 1034; *Duval v. Life Insurance Company*, 82 N. H., 543, 136 A., 400, 50 A. L. R., 1276; *Connecticut Life Insurance Company v. Speer*, 185 Ark., 615, 48 S. W. (2d), 553.

See, also, *Thompson v. Pacific Mills,* 141 S. C., 303, 139 S. E., 619, 623, 55 A. L. R., 1237, where it is held that the employer and the insurance company are the "original contracting parties."

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE C. C. FEATHERSTONE concur.