## 13805

### STATE OF SOUTH CAROLINA v. W. T. RAWLEIGH CO.

(174 S. E., 385)

Before Oxner, J., Edgefield, February, 1932.

March 13, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought in the Court of Common Pleas for Edgefield County by the State of South Carolina against the defendant company, a nonresident corporation, to recover the sum of $7,300.00, alleged to be due as penalties for doing business in this State without complying with the re-

quirements of an Act of the Legislature of March 24, 1922 (32 St. at Large, p. 1023, as amended by Act March 20, 1923 [33 St. at Large, p. 9]), providing for domestication by foreign corporations. Service was made on one B. G. Bryan, a resident of Edgefield County, and an alleged agent of the company.

Upon due notice to the plaintiff, the defendant made special appearance for the purpose of moving to set aside the service of the summons and complaint on the following grounds: (1) That the company was not doing business in South Carolina; and (2) that the person served was not an agent or representative of the defendant. The motion was heard by Hon. G. Dewey Oxner, Circuit Judge, upon the record, affidavits submitted by the parties, certain letters, and other documentary evidence. Upon an analysis of the evidence before him, Judge Oxner concluded, as a matter of fact, that the defendant company was not engaged in business in this State and that the person served was not its agent. He, therefore, sustained the defendant's motion on both grounds, and by an order dated February 20, 1933, vacated and set aside the service. From this order, plaintiff appealed.

The point is made by the respondent that the result of the determination of the issues by the Circuit Judge being a finding of fact, is not subject to review by this Court in a law case, unless wholly unsupported by evidence. The position is sustained by our decisions. In *Lipe v. Railway Company*, 123 S. C., 515, 116 S. E., 101, 30 A. L. R., 248, the Court held as follows: "A conclusion as to either of the points indicated (similar to the questions presented here), necessarily involves the determination of a question of mixed law and fact, but the result of such determination by the Circuit Judge is essentially a finding of fact which this Court has no power to review, unless wholly unsupported by evidence or manifestly influenced or controlled by error of law." Citing cases. See, also, *Bass v.*

*American Products Export & Import Corporation,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Singletary v. Seed Company,* 145 S. C., 539, 143 S. E., 269; and *State v. Insurance Company,* 168 S. C., 516, 167 S. E., 833.

In the case at bar, we have examined the documentary evidence contained in the record, all of which, as we have said, was before Judge Oxner; and, despite the strong and persuasive argument of counsel for plaintiff, we find ourselves unable to agree with the contention that the findings and holdings of the Circuit Judge, that the defendant company was not engaged in business in this State and that the person upon whom service was made was not its agent, are "wholly without evidence to support them or manifestly attributable to an erroneous conception or application of the law." On the contrary, we think his conclusions, under applicable principles of law, have ample support in the evidence. And while we may not agree with everything said in the Court's decree, we approve the result reached.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.