14315

WIGGINS & SONS, INC., v. FORD MOTOR CO.

(186 S. E., 272)

Before Shipp, J., Hampton, January, 1935.

172

174

176

*Messrs. George Warren* and *Thos. M. Boulware,* for appellant,

*Messrs. Cansler & Cansler* and *Robinson & Robinson,* for respondent,

June 15, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action and another, based on an alleged breach of contract, were commenced by the service of the summons and complaint on one Edward Livesey, a traveling- representative of the Ford Motor Company. The defendant, upon due notice, made special appearance in both cases for the purpose of moving the Court to set aside the service on two grounds: (1) That the company was not doing business in South Carolina; and (2) that the person served was not the agent or representative of the defendant. The matter was heard by his Honor, Judge Shipp, on certain documentary

evidence and the testimony of several witnesses taken before him; and in a full and well-considered decree, filed March 29, 1935, the Court sustained the motion on both grounds, and ordered that the service of process in the cases be set aside. From the order made this appeal is taken.

We have repeatedly held that findings in a law case are not subject to review by this Court, unless absolutely unsupported by evidence. In *Lipe v. Railway Company,* 123 S. C., 515, 116 S. E., 101, 30 A. L. R., 248, it was said: "A conclusion as to either of the points indicated (similar to the questions presented here), necessarily involves the determination of a question of mixed law and fact, but the result of such determination by the Circuit Judge is essentially a finding of fact which this Court has no power to review, unless wholly unsupported by evidence or manifestly influenced or controlled by error of law." See, also, *McSwain v. Grain & Provision Co.,* 93 S. C., 103, 76 S. E., 117, Ann. Cas., 1914-D, 981; *State ex rel. Kerns v. Life Insurance Co.,* 168 S. C., 516, 167 S. E., 833; *State of South Carolina v. W. T. Rawleigh Co.,* 172 S. C., 415, 174 S. E., 385; *Dyar v. Georgia Power Co.,* 173 S. C., 527, 176 S. E., 711.

We have examined with care the record before us; and we cannot say that the findings of Judge Shipp are entirely without evidence to support them or that they are attributable, as contended by the appellant, to an erroneous conception or application of the law. On the contrary, his conclusions find ample support in the testimony, and we approve the result reached.

The Circuit decree, therefore, which will be reported, is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.