14764

ZEIGLER v. PURITAN MILLS

(199 S. E., 420)

368.

370

374

*Messrs. Searson & Searson,* for appellants;

*Messrs. A. S. Grove, C. Birnie Johnson, Randolph Murdaugh, Sr.,* and *Randolph Murdaugh, Jr.,* for respondent,

November 3, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action, a suit for damages against the Puritan Mills, a foreign corporation, was instituted in the Court of Common Pleas for Allendale County. Two methods of service

were followed: (1) By handing the summons and complaint to one C. A. Avrett in Barnwell County, it being alleged by the plaintiff that Avrett was an agent of the defendant; (2) service of the summons and complaint later upon the Secretary of State, the Act of the Legislature providing therefor (38 Stat. at Large, page 486), being fully complied with.

Thereafter, the defendant made special appearance for the purpose of moving to set aside the service. The motion was argued before his Honor, Judge Dennis, the matter being heard by him upon affidavits and other papers filed by the parties and upon testimony taken at the hearing. On September 28, 1937, Judge Dennis issued an order setting the service aside. He held that the defendant at the time of the attempted service of the summons and complaint, was not doing business within this State to such an extent as would warrant the inference that it was present here, and that, in view of this fact, service made on the Secretary of State was not such service as would give the Court jurisdiction of the defendant. He also found and held that Avrett was not an agent upon whom service could be made. Later, upon motion of plaintiff the Circuit Judge granted a rehearing as to the alleged agency of Avrett. He adhered, however, to his former conclusions, holding that it did not appear that the defendant was engaged in doing business in this State. The plaintiff in due time appealed from both orders, alleging that the Court was in error in its several findings and holdings.

We deem it unnecessary to review the evidence, documentary or other, presented at the hearing of the motion before Judge Dennis. We have considered it with care, however, along with the authorities cited and relied upon, and we cannot say that the conclusions reached by him are based upon an erroneous conception or application of the law. Furthermore, as there was some evidence to sustain his findings of fact, even if a different conclusion might have been reached, the judgment of the Circuit Court should

be affirmed under the well-established rule referred to and applied in the following cases, where similar questions were considered and decided: *Lipe v. Railway Co.*, 123 S. C., 515, 116 S. E., 101, 30 A. L. R., 248; *State ex rel. Kerns v. Insurance Co.*, 168 S. C., 516, 167 S. E., 833; *State v. W. T. Rawleigh Co.*, 172 S. C., 415, 174 S. E., 385.

With regard to the service made upon the Secretary of State under the Act mentioned, it is clear that the holding of Judge Dennis thereabout was correct, in view of his finding and conclusion that the defendant was not doing business in South Carolina.

The judgment of the Court below is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.