15790

DEATON TRUCK LINES, INC. v. BAHNSON CO. *ET AL.*

(36 S. E. (2d), 465)

*Messrs. Carlisle, Brown & Carlisle,* and *Venable Vermont,* all of Spartanburg, Counsel for Appellant,

*Messrs. Osborne, Butler & Moore,* of Spartanburg, Counsel for Respondent,

December 27, 1945.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous Opinion of the Court.

This action was brought by Deaton Truck Lines, Inc., an Alabama corporation, to recover damages to its truck and trailer growing out of a collision with an automobile owned by J. E. Hemrick and driven by C. A. Little which occurred on March 11, 1944, on the highway between Greenville and Spartanburg, South Carolina. Little and Hemrick were employed by The Bahnson Company, a North Carolina corporation. It is alleged in the complaint that said collision was caused by the negligent and reckless operation of said automobile by Little and Hemrick who were acting at the time within the scope of their employment.

No question is raised as to the validity of the service of the summons and complaint upon the individual defendants. It was sought to obtain jurisdiction of The Bahnson Company by service of process on the Secretary of State under Section 7765, Code of 1942. This section requires every foreign corporation "doing business" in this State to file with the Secretary of State a stipulation designating some place within the State "at which all legal papers may be served on said corporation, by delivery of the same to any officer, agent or employee of said corporation, found therein." It further provides that when any such foreign corporation "transacts business in this State" without first having complied with the foregoing requirement, it "shall be deemed to have designated the Secretary of State as his (its) true and lawful agent upon whom may be served all legal process in any action or proceedings against said foreign corporation growing out of the transaction of any business in this State."

The Bahnson Company appeared specially and moved to vacate the service on the grounds (1) that it was a foreign corporation not doing business in South Carolina and (2) that this action did not grow "out of the transaction of any

business in this State" by said corporation. The motion was heard upon the pleadings and certain affidavits submitted by respondent and appellant. There was no request by either party that any testimony be taken. The lower Court granted the motion on both grounds and Deaton Truck Lines, Inc., has appealed.

According to the affidavit of its secretary, respondent is a North Carolina corporation "engaged in the business of manufacturing and installing air-conditioned equipment with its principal and only place of business" at Winston-Salem, North Carolina. He stated that respondent was not doing business in South Carolina and further stated that one of its salesmen, who resided at Winston-Salem, "took an order from the Dunean Mills, located at Greenville, South Carolina, for purchase and installation of certain industrial air conditioning in the plant of said concern and sent said order to the home office of The Bahnson Company in Winston-Salem for approval or rejection; that the said order was approved in Winston-Salem by the proper officers of The Bahnson Company and pursuant thereto the air conditioning equipment called for in said order was shipped by public conveyances operating as common carriers of freight to the plant of Dunean Mills at Greenville, South Carolina, and erectors were sent from Winston-Salem to the plant at Dunean Mills at Greenville to install said equipment; that among the erectors thus sent as aforesaid, were C. A. Little and J. E. Hemrick"; and that the accident occurred after said erectors had completed the installation of said equipment and when they were not engaged in any business for respondent. Little, the driver of the automobile, stated in his affidavit that he had been engaged in air-conditioning work for a period of twenty-two years and during the last eleven years worked for respondent; that he and Hemrick, both of whom resided at Winston-Salem, North Carolina, worked on the Dunean job for about four or five weeks; that

on the evening of March 11, 1944, long after the day's work had been finished, they left Greenville to visit friends in Spartanburg and the accident occurred while they were making this trip; and that the trip was entirely a personal one and not connected in any way with the business of their employer. Appellant submitted several affidavits to the effect that at the time of the collision the automobile in question was loaded with tools, rope and other equipment used in installing humidifying equipment. The only other affidavit of appellant material to this discussion is that of one of its attorneys which will be hereinafter referred to and discussed.

The only question which we find it necessary to determine is whether, under the circumstances described in the foregoing affidavits, the respondent was "doing business" in South Carolina so as to make it amenable to service of process under Section 7765 of the 1942 Code. Appellant concedes that the decisions of the United States Supreme Court are controlling in the determination of this question and relies principally upon *Browning v. Waycross,* 233 U. S., 16, 34 S. Ct., 578, 58 L. Ed., 828; *General Railway Signal Co. v. Virginia,* 246 U. S., 500, 38 S. Ct., 360, 62 L. Ed., 854; and *Western Gas Construction Co. v. Virginia,* 147 Va., 235, 136 S. E., 646, 55 A. L. R., 717, affirmed by United States Supreme Court, 276 U. S., 597, 48 S. Ct., 319. Respondent contends that the question is controlled by the decision in *York Mfg. Co. v. Colley,* 247 U. S., 21, 38 S. Ct., 430, 62 L. Ed., 963, 11 A. L. R., 611. These cases will be briefly reviewed.

It was decided in *Browning v. Waycross, supra,* that a contract for the erection of lightning rods did not lose its local character simply because it was made a part of an interstate commerce contract for the sale of the rods, and that affixing lightning rods was not incidental to the right to complete an interstate transaction. In *General Railway Signal Co. v. Virginia, supra,* a New York corporation, which

manufactured signaling devices, entered into a contract for the installation within the State of Virginia of certain automatic railway signal systems. In order to construct these signals it was necessary for the manufacturer to employ labor in Virginia, skilled and unskilled, to dig ditches in which conduits for the wires were placed, to construct concrete foundations, and to paint the completed structures. On the authority of *Browning v. Waycross, supra,* it was held that the manufacturer was doing local business within the State of Virginia.

In the case of *York Mfg. Co. v. Colley, supra,* the York Company, a Pennsylvania corporation, sold to certain individuals in Texas machinery for an ice plant, consisting of gas compression pumps, a compressor, ammonia condensors, and other machinery and accessories. The machinery was shipped from Pennsylvania to a point in Texas where it was erected under the supervision of an engineer furnished by the seller. The services of this engineer were paid for by the purchasers who also furnished mechanics to assist in the installation. The supervision of the engineer included not only the erection but the submitting of the machinery to a practical test in operation before the obligation to finally receive it would arise. It required about three weeks to do the job. The Court held that the provision of the contract for the service of an engineer to assemble and erect the machinery and to practically test its efficiency before complete delivery was relevant and appropriate to the interstate sale of the machinery and that in determining whether such an agreement was relevant, it was proper to give consideration to the functions of the machinery, its complexity, and the necessity of its aggregation and unison with mechanical skill and precision in order to reach the result intended. The *Browning* and *General Railway Signal cases* heretofore referred to were discussed by the Court and distinguished.

*In Western Gas Construction Co. v. Virginia, supra,* the Gas Company, an Indiana corporation, contracted to supply materials and construct an addition to the gas plant of the City of Richmond according to designated plans and specifications, and to connect it up with other units of the city gas plant. About three months were consumed in doing the work. A vast amount of work had to be done locally by a number of local laborers and also by skilled and experienced workmen supervised by an expert and three assistants from the gas company's office. It was denominated by the Court as a construction job. The Virginia Court said: "The contract was not for the sale of specific, definite personal property, simply to be transported, and then set up, or installed in place, but a contract to furnish the materials and build an addition to the gas plant of the City of Richmond, according to designated plans and specifications, and to connect it up with the existing plant and other machinery being contemporarily installed." The Court concluded that the gas company was doing business in Virginia.

We shall now consider whether the *York Manfacturing Company case* is applicable to the transaction in the instant case or whether it is controlled by the cases upon which appellant relies. The lower Court found that the contract between respondent and Dunean Mills contemplated not only the sale and delivery of air conditioning equipment but its "installation into one operating unit" so as to produce the results for which the equipment was desired, which was a type of work requiring skill and in which respondent specialized. It said: "The installation, erection and adjustment of the machinery so as to make up a complete functioning and properly operating unit were a part and parcel of the sale, the very nature of the machinery and equipment being of such a character as to make the erection and assembling thereof an intrinsic part of and inhering in the sale itself." The Court concluded under the authority of the *York Manu-*

*facturing Company case* that respondent was not doing business in South Carolina. The result of this determination is essentially a finding of fact which this Court has no power to review, unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law. *State of South Carolina v. W. T. Raliegh Co.,* 172 S. C., 415, 174 S. E., 385; *Wiggins & Sons, Inc. v. Ford Motor Co.,* 181 S. C., 171, 186 S. E., 272; *Jones v. General Motors Corporation,* 197 S. C., 129, 14 S. E. (2d), 628.

The contract between respondent and Dunean Mills was not produced. The facts in the affidavits material to the issue under consideration are stated in most general terms. The affidavit of respondent's secretary does not go into details as to the character of machinery or equipment used in air conditioning or how it is installed. While the determination of the question involved is a difficult one on account of the meager information before us, we think there is some evidence to sustain the conclusion that the installation was relevant and appropriate, and an essential requisite, to the sale of the air-conditioning equipment and that its intrinsic value largely depended upon its being united and made operative as a whole. It, therefore, follows that the case of *York Mfg. Co. v. Colley, supra,* is controlling.

Cases illustrating the distinction between situations requiring local work as essential to a complete delivery in interstate commerce, because of the peculiar nature of the subject-matter of the contract, and those in which the local work done is inherently and intrinsically intrastate are collected in annotations found in 11 A. L. R., 614, 55 A. L. R., 726, and 101 A. L. R., 356. Also see the very recent case of *Creamery Package Co. v. Cheyenne Ice Cream Co.,* .... Wyo., ...., 100 P. (2d), 116, which involved the shipment in interstate commerce and installation of certain refrigeration equipment.

Appellant argues that since respondent failed to introduce the contract with Dunean Mills, a presumption arises that its contents were unfavorable to respondent's contention. Appellant did not ask respondent to produce the contract and there is no showing that Dunean Mills refused to disclose its contents to appellant. Assuming that the circumstances warranted the inference claimed by appellant, this was a consideration going only to the weight of the evidence. Appellant also emphasizes the fact that in the affidavit of respondent's secretary he refers to the contract at one place as one for the purchase and installation of certain "industrial air conditioning in the plant" of Dunean Mills. In other portions of the affidavit, however, the contract is described as relating to the purchase and installation of "air conditioning equipment". The affidavit clearly states that respondent is engaged in the business of *"manufacturing* and installing industrial air conditioning *equipment."* It is further suggested that it does not appear "that any materials were shipped in interstate commerce". But the circumstances warrant an inference to that effect. The affidavit just referred to states that the "principal and *only* place of business" of respondent is at Winston-Salem, North Carolina, where the order was approved and pursuant thereto the equipment was shipped by common carriers to Greenville. We think it also may be reasonably inferred that the installation of this equipment was a complicated job requiring the use of skilled employees. One of the erectors stated that he had been engaged in this work for twenty-two years. Respondent's business is not only that of manufacturing but installing this equipment, sending out skilled employees to do the work. A large textile plant, such as Dunean Mills, would hardly undergo the expense of having erectors sent to its plant if its own mechanics could satisfactorily perform the job.

We have not heretofore discussed the affidavit executed by one of appellant's attorneys. The facts therein are stated

upon information and belief, and no reason is given for the failure to present the affidavits of those persons from whom the information was obtained. Under these circumstances, it is doubtful whether this affidavit should be considered. *Wollman et al. v. Newark Star Publishing Co.,* 190 App. Div., 933, 179 N. Y. S., 899. However, the facts stated do not in any material particular contradict the affidavits submitted by respondent. The affiant states that respondent is engaged in the business of repairing, as well as selling and installing humidifying equipment, but there is no evidence that the transaction in the instant case involved any repair work. It is further asserted that respondent had an agent "who spent most of his time in South Carolina attending to its business", but the nature of this business is not disclosed.

The exceptions imputing error on the part of the lower Court in holding that respondent was not doing business in South Carolina are, therefore, overruled.

The lower Court also found as a fact that at the time of the accident Hemrick and Little were making "a purely personal trip, with which The Bahnson Company was in no wise concerned and for which it is in no wise responsible", and, therefore, concluded that the subject of the action did not arise out of the transaction of any business by respondent in this State. If this factual finding is correct, appellant has no cause of action against respondent in any jurisdiction. In determining whether a proceeding grows "out of the transaction of any business in this State" so as to subject a foreign corporation to service under Section 7765, should the Court, on a motion to vacate the service, pass upon the merits of this issue, or should that question be determined from the allegations of the complaint and a consideration of the proof of such allegations postponed until a trial is had on the merits? In view of our conclusion that respondent was not "doing business" in this State, it is unnecessary that we deter-

mine the proper procedure in ascertaining whether the action grows "out of the transaction of any business in this State". For this reason, we likewise do not pass upon the question as to whether at the time of this accident these employees were acting within the course of their employment.

Judgment Affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.