16427

INDUSTRIAL EQUIPMENT CO. v. FRANK G. HOUGH CO.

(61 S. E. (2d) 884)

*Messrs. Nash & Wilson,* of Sumter, *for Appellant,*

*Messrs. McLeod & Shore,* of Sumter, and *Robinson, Robinson & Dreher,* of Columbia, *for Respondent,*

November 10, 1950.

TAYLOR, Justice.

This appeal comes to this Court from the Court of Common Pleas for Sumter County where, on October 4, 1949, appellant caused to be served upon C. E. Killebrew, sales manager for the respondent, a summons. The complaint was not served at the time. Respondent in a special appearance moved to set aside the service of such summons for lack of jurisdiction.

The matter came on to be heard, upon affidavits, by the Honorable William H. Grimball on the 10th of November, 1949, who reached the conclusion that the respondent's activities in this state were not such as to subject it to process through Mr. Killebrew.

The Frank G. Hough Company is a corporation organized under the laws of Illinois with its factory, office and place of business in Libertyville in that state, where it manufactures and sells "Payloader" shovels and shovel attachments designed for use on tractors manufactured by other companies. The company does not and never has had a place of

business in the State of South Carolina. Neither has it had a salesman resident within the state nor one customarily and regularly transacting business for the company in this state. In fact, the affidavits submitted disclose that the company owns no property within the state and that their employees were in this state on only four occasions within the four-year period covered by the affidavits.

In March, 1947, the respondent, Frank G. Hough Company, entered into a sales contract with the Industrial Equipment Company, a South Carolina corporation with its place of business in Sumter, South Carolina. The contract was consummated at Libertyville, Illinois, on the 10th day of March, 1947, for a period expiring December 31, 1948, and was thereafter renewed for a one-year period ending December 31, 1949. It was terminated as of October 1, 1949, after which date a similar sales agreement was made with another dealer for the handling of its products in South Carolina.

During the effective period of the contract, all sales of "Payloaders" or parts made by the company for use in South Carolina were on firm purchase orders of the Industrial Equipment Company and accepted by the Frank G. Hough Company at its Libertyville place of business and delivered by carrier in Interstate Commerce.

The Hearing Judge concluded that the respondent sold, in Interstate Commerce, to the appellant and that it in turn made all of the South Carolina sales of the respondent's products except when a distributor in some other state sold to a South Carolina purchaser and shared its profits with the appellant. He further found that the contract is the usual dealer contract which provided that Industrial Equipment Company would have exclusive sales rights in this state, fixed the discounts of appellant, obliged it to maintain its prices, established the company's warranty obligations, and expressly provided that appellant should not be considered as agent for the Hough Company and that, in the event of cancellation, the respondent company was

obligated to accept the return from appellant of any of respondent's products which were in unused condition and to reimburse appellant therefor within thirty days of their reshipment. He also found that, because of the cancellation of this contract, which was effective October 1, 1949, Mr. C. E. Killebrew, the sales manager for the respondent company, went to Sumter, South Carolina, on October 4, 1949, for the sole purpose of inventorying any unused equipment or parts in the hands of the appellant and transferring them to a new distributor and affecting reimbursement therefor and that, while in the process of doing so, he was handed the summons, heretofore referred to.

After reviewing all of the evidence and hearing counsel, the Hearing Judge concluded that Mr. Killebrew was in this state at the time of the attempted service on an isolated transaction not customarily in connection with the defendan's business and not subject to process as an agent of the respondent.

The question of jurisdiction has often confounded the wisest of courts and for that reason this Court has adhered to the rule that a finding by the Circuit Court as to jurisdiction or lack of jurisdiction will not be disturbed on appeal unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law. See *Lipe v. Carolina C. & O. Ry. Co.,* 123 S. C. 515, 116 S. E. 101, 30 A. L. R. 248; *State v. W. T. Rawleigh Co.,* 172 S. C. 415, 174 S. E. 385; *Forbes v. Kingman & Co.,* 174 S. C. 24, 176 S. E. 880; *March v. Union Tr. Co. of Maryland,* 175 S. C. 291, 179 S. E. 34; *Wiggins & Sons v. Ford Motor Co.,* 181 S. C. 171, 186 S. E. 272; *Zeigler v. Puritan Mills,* 188 S. C. 367, 199 S. E. 420; *Jones v. General Motors Corp.,* 197 S. C. 129, 14 S. E. (2d) 628; *Deaton Truck Lines, Inc., v. Bahnson Co.,* 207 S. C. 226, 36 S. E. (2d) 465; *State v. Ford Motor Co.,* 208 S. C. 379, 38 S. E. (2d) 242.

Without discussing the various theories under which jurisdiction might be had, it is sufficient to say that the evidence abundantly supports the findings of the Circuit Judge.

We are therefore of the opinion that all exceptions should be dismissed and the order appealed from affirmed, and *It Is So Ordered.*

BAKER, C. J., STUKES and OXNER, JJ., and L. D. LIDE, Acting Associate Justice, concur.