16544

HOFFMAN v. D. LANDRETH SEED CO.
(66 S. E. (2d) 813)

*Messrs. Knight & Steele,* of Chesterfield, *for Appellant,*

*Messrs. Leppard & Leppard,* of Chesterfield, *for Respond-
ent,*

September 24, 1951.

TAYLOR, Justice.

This appeal presents two questions: (1) whether or not the appellant, D. Landreth Seed Company, a foreign corporation, is doing business within the state in the sense required to subject it to the jurisdiction of our courts, and (2) whether or not the party served was such an agent of appellant that service of process could properly be made.

This action was commenced by service of a summons upon one Christian A. Clark, a traveling representative of the appellant, while in Chesterfield County, South Carolina, on or about the 22nd day of August, 1949. Subsequent to the service of the summons, the defendant entered a special appearance and moved to dismiss the action upon the grounds (1) that appellant, D. Landreth Seed Company, is a foreign corporation not doing business within the State, (2) that the party served was not an agent of appellant in the sense that it might be bound by such service. Both sides submitted affidavits to the Honorable J. Woodrow Lewis, Resident Judge of the Fourth Judicial Circuit, who on June 17, 1950, entered an order denying the motion of appellant to set aside the service and to dismiss for lack of jurisdiction.

"* * * in determining whether a foreign corporation is doing business within a state to such an extent as to make it amenable to state jurisdiction, the federal authorities are controlling, because of the question of 'due process,' 'equal protection,' and 'interstate commerce' involved. *York Manufacturing Company v. Colley*, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611; *McSwain v. Adams Grain and Provision Company*, 93 S. C. 103, 76 S. E. 117

(2), Am. Cas. 1914D, 981; *State v. W. T. Rawleigh Co.,* 172 S. C. 415, 174 S. E. 385.

"In determining what constitutes doing business, the courts have laid down no hard and fast rule, but are inclined to judge each case upon its own merits. *People's Tobacco Company, v. American Tobacco Company,* 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, 590, Ann. Cas. 1918C, 537. The courts, however, have uniformly held that the mere solicitation of business in the state is not sufficient to subject a corporation to legal jurisdiction. *People's Tobacco Company v. American Tobacco Company, supra: Davega [Inc.] v. Lincoln Furniture Mfg. Company,* 2 Cir., 29 F. (2d) 164." *Wiggins & Sons, Inc., v. Ford Motor Company,* 181 S. C. 171, 186 S. E. 272, 273. See also *Zeigler v. Puritan Mills,* 188 S. C. 367, 199 S. E. 420.

"The question as to what constitutes the doing of business in such wise as to make the corporation subject to service of process has been frequently discussed in the opinions of this court, * * *. Each case depends upon its own facts. The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted. *Philadelphia & Reading Ry. Co. v. McKibbin,* 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; *St. Louis Southwestern Ry. Co. v. Alexander,* 227 U. S. 218, 226, 33 S. Ct. 245, 57 L. Ed. 486." *People's Tobacco Company, Limited, v. American Tobacco Company,* 246 U. S. 79, 38 S. Ct. 233, 235, 62 L. Ed. 587.

There is no factual dispute involved in this case. The affidavits set forth that watermelon seed had been purchased from a merchant in the Town of Ruby, South Carolina, who had in turn ordered the seed from the appellant, D. Landreth Seed Company, through its traveling representative, these seed being represented as a

special variety, while in fact they produced a large percentage of watermelons of other varieties and citrons to such an extent that the watermelon crop of the various individuals was unmarketable for that year. When the local merchant received these complaints, he wrote appellant, setting forth the facts and received a reply stating that their traveling representative from Atlanta, Georgia, was being sent to investigate and report back to appellant his findings. All of the planters who were interviewed by Mr. Clark set forth in their affidavits that he stated that he had no authority whatever to make adjustments thereabout, but had been sent for the purpose of ascertaining the facts only and reporting them to the company. While in the County of Chesterfield on this mission, he was served with the summons, heretofore referred to.

The court's latest decision involving this question is *Industrial Equipment Co. v. Frank G. Hough Co.*, 1950, 218 S. C. 169, 61 S. E. (2d) 884, 885, where it was said: "The question of jurisdiction has often confounded the wisest of courts and for that reason this Court has adhered to the rule that a finding by the Circuit Court as to jurisdiction or lack of jurisdiction will not be disturbed on appeal unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law."

The only facts shown in the record of this case are insufficient to warrant the conclusion which was reached by the lower court with respect to Question 1. Indeed, they establish the contrary, which makes the issue one of law for our decision. The appellant foreign corporation solicits orders here through a traveling solicitor (who may not therefore be accurately called even a salesman) for sales of its seeds in interstate commerce after acceptance of the orders at its home office; and in this instance it sent this solicitor into the state to investigate respondent's and others' complaints of the quality of the seed which they had purchased at retail from appellant's customer who had bought them from ap-

pellant in interstate commerce. The solicitor's visit to the state to inquire about the complaints was an isolated event and did not imply the presence of his employer here. *Industrial Equipment Co. v. Frank G. Hough Co., supra; Schoenith, Inc., v. Adrian X-Ray Mfg. Co.,* 220 N. C. 390, 17 S. E. (2d) 350. Cf. *Parris v. H. G. Fischer & Co.,* 219 N. C. 292, 13 S. E. (2d) 540.

In justice to the lower court it should be said that it expressly relied for its decision upon *Jones v. General Motors Corporation,* 197 S. C. 129, 14 S. E. (2d) 628. It must be conceded that the facts stated in the report of the decisions of that case and the facts in this case are similar in many respects. However, it is common knowledge that General Motors Corporation, defendant there, in the form of its numerous divisions of automobile and other manufacturers, is present in practically every county of the state, just as the defendant was found to be in *State v. Ford Motor Co.,* 208 S. C. 379, 38 S. E. (2d) 242. That, we think, is sufficient to distinguish the *Jones case* from the one under consideration.

It is unnecessary to pass upon Question 2, as we are of the opinion that appellant was not doing business in this state in the sense that it was present and subject to the jurisdiction of the courts of this state. Therefore, appellant's motion to dismiss should be granted, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES, and OXNER, JJ., concur.