### 18594

CAROLINA BOAT AND PLASTICS COMPANY, INC., Respondent, v. GLASCOAT DISTRIBUTORS, INC., Appellant

(152 S. E. (2d) 352)

50

*Messrs. William C. Hanna,* of Hampton, and *Lumpkin & Kemmerlin,* of Columbia, *for appellant,*

*Holland Smith, Esq.,* of Hampton, *for respondent,*

January 10, 1967.

LIONEL K. LEGGE, Acting Justice.

The summons and complaint in this action were served through the office of the Secretary of State pursuant to

Section 10-424 of the 1962 Code. The defendant, appearing specially, moved to dismiss upon the ground that it was a foreign corporation not transacting business in this state within the meaning of the statute, and therefore not amenable to substituted service of process. From an order denying that motion it has appealed.

Plaintiff, Carolina Boat and Plastics Company, Inc., is a South Carolina corporation with its principal place of business in the Town of Varnville in Hampton County, South Carolina. It is engaged in the manufacture of fiberglass and plastic boats. Defendant, Glascoat Distributors, Inc., is a Delaware corporation with its principal place of business in Miami, Florida, and a branch office in Atlanta, Georgia. It is engaged in the sale and distribution of supplies used in the manufacture of plastic products. For brevity we shall refer to the plaintiff as Carolina and to the defendant as Glascoat.

The complaint alleged: that Carolina was incorporated in May, 1961, as the successor in business of Carolina Plastic & Fiberglass Engineering Company; that it had assumed certain obligations, among them the obligation to pay seven worthless checks, aggregating in amount $1,153.62, that had been given by its predecessor's manager, G. L. Robinson, to Glascoat; that its agreement with Glascoat in respect of that obligation permitted it to retire those checks one by one; that in accordance with that agreement it had paid five of said checks with its funds so earmarked, and Glascoat had accepted the same; that thereafter on or about June 10, 1961, it had mailed to Glascoat its check for $172.50 to retire the sixth of said worthless checks, and that Glascoat had accepted that payment but in violation of its aforesaid agreement had credited it against another debt allegedly due it by Robinson which Carolina had not assumed and of which it had no knowledge; that Glascoat had rejected Carolina's demand that its check be returned or properly credited, and had proceeded criminally against Robinson on his check that Carolina had thus paid; and

that Glascoat's failure to carry out its agreement, its refusal to return or properly credit Carolina's check, and its misappropriation of the proceeds thereof, were wilful, reckless and unlawful, and by reason of its said acts and omissions it was liable to Carolina in damages, actual and punitive.

It appears undisputed that Glascoat's salesman, who during the period with which the complaint is concerned was a resident of North Carolina, operating in South Carolina, called regularly upon Carolina and other firms in South Carolina for the purpose of soliciting orders for Glascoat's products; that over a period of several years Carolina and its predecessor had purchased from Glascoat resin and other products, amounting in price to more than $10,000.00 annually; and that similar business was transacted by Glascoat with other corporations in Hampton, Columbia, Spartanburg, Orangeburg and Charleston; that purchase orders by Carolina were given sometimes to Glascoat's soliciting agent in person, sometimes by letter or telephone to Atlanta or Miami; and that deliveries of Glascoat's products in South Carolina were made by mail or truck. It appears also that except for Glascoat's Vice-President, who resides in Miami, and the Chairman of the Board of Directors of Carolina, who since December 1, 1965 has resided in Grand Rapids, Michigan, all witnesses to the controversy with which the complaint is concerned reside in Hampton County or the adjoining County of Bamberg, South Carolina.

Glascoat, asserting that it has no office, resident agent, or property in this State, and that orders solicited by its agent were filled by shipment in interstate commerce from its Atlanta branch or directly from the manufacturer, relies upon *Zeigler v. Puritan Mills,* 188 S. C. 367, 199 S. E. 420, and *Hoffman v. D. Landreth Seed Co.,* 220 S. C. 193, 66 S. E. (2d) 813, in support of its contention that its aforesaid activities in South Carolina did not amount to transaction of business within the meaning of Section 10-424. But the view expressed in those cases, denying substituted service where the "presence"

of the foreign corporation is evidenced only in the person of a soliciting agent, has more recently been supplanted by that which requires, as the jurisdictional test, only that the corporation have such contact with the state of the forum that the maintenance there of an action against it *in personam* shall not "offend traditional notions of fair play and substantial justice." *Boney v. Trans-State Dredging Co.,* 237 S. C. 54, 115 S. E. (2d) 508. In that case, noting that the question was one that must be resolved upon the facts of the particular case, we suggested that among the factors for consideration in the attempt to resolve it should be the duration and nature of the corporate activity within the state, the character of the acts giving rise to the litigation, the circumstances of their commission, and the relative inconvenience to the respective parties of a trial in the state of the forum on the one hand and in the state of the corporate domicile on the other.

The question being one of fact, we have held that the decision of it by the circuit court, unless unsupported by evidence, should be affirmed. *Zeigler v. Puritan Mills, supra.* In the instant case, the evidence before the circuit judge furnished adequate basis for his judgment, which is accordingly affirmed.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, and BRAILSFORD, JJ., concur.