**AMERICAN IWER CORPORATION,**
Plaintiff,

v.

**REULAND ELECTRIC COMPANY and H. B. Owsley & Son, Inc., Defendants.**

Civ. A. No. 67–542.

United States District Court
D. South Carolina,
Greenville Division.

Dec. 5, 1967.

James C. Parham, Jr., Wyche, Burgess, Freeman & Parham, Greenville, S. C., for plaintiff.

P. Bradley Morrah, Jr., Greenville, S. C., for defendant, Reuland Elec. Co.

David Henderson, Charlotte, N. C., for defendant, H. B. Owsley & Son, Inc.

## ORDER

SIMONS, District Judge.

This matter is before the court on motions by both defendants to dismiss the action, or in lieu thereof to quash service of the summons on the grounds that the summons purports to have been served by a United States Marshal "outside the territorial limits of the State of South Carolina"; that a second service was had by mailing of the summons and complaint to each defendant from the office of the Secretary of State of South Carolina, which service is "invalid in that plaintiff failed to comply with the provisions of Rule 4, Section (3) and (7)"; and as an additional ground, that the defendants are corporations in the States of North Carolina (Owsley) and California (Reuland), are "not domesticated in or licensed to do business in the district of South Carolina, and was not and is not subject to service of process within the district of South Carolina in this action."

The motion of Reuland Electric Company is supported by affidavit of Wayne L. Johnson, Vice President, which states that Reuland is a California corporation with its principal place of business in California, that it has no office or other place of business in South Carolina, no bank account or registered agent in South Carolina, and has not appointed an agent or authorized any person to accept service of process in South Carolina, and that "affiant is advised and believes and upon such information and belief states that Reuland Electric Company is not engaged in business in the State of South Carolina and is not legally or otherwise present in said State."

The motion of H. B. Owsley & Son, Inc., is supported by affidavit of R. P. Owsley, President, who states that Owsley is a North Carolina corporation not domesticated in South Carolina, maintains no office or bank account in South Carolina and has appointed no agent authorized to accept service of process in said State; he further states that Owsley has solicited orders for the sale of products of various manufacturers, including those of the defendant Reuland, as manufacturer's representatives or commission merchant, and has also solicited orders for sales for its own account, but that "to the best of his knowledge and belief this affiant avers that the frequency of the activities of H. B. Owsley & Son, Inc. is not such as to constitute 'doing business' by said corporation within the State of South Carolina" so as to place said corporation within the jurisdiction of this court.

Plaintiff has submitted affidavits of James C. Parham, Jr., attorney for plaintiff, alleging compliance with service of process requirements of the Code of Laws for the State of South Carolina against foreign corporations as to both defendants, and affidavits of Fernando Vila Reyes, President of plaintiff corporation, setting forth the following assertions concerning the actions of the defendants in South Carolina: That defendant Owsley, through its authorized representative, B. J. Shepard, made an unsolicited visit to plaintiff's office in October of 1964 to request an opportunity to demonstrate electric motors manufactured by Reuland for possible

use on plaintiff's weaving machines; that Shepard represented to plaintiff that Owsley was the sales agent of Reuland and could accept orders for and bind Reuland to deliver to plaintiff any Reuland motors ordered by plaintiff; that Shepard left a business card with plaintiff (copy of which is filed with affidavit of Mr. Vila Reyes as "Exhibit A") and which reads generally as follows:

"REULAND ELECTRIC CO.
Manufacturers—Electric Motors

H. B. Owsley & Son. Inc.
P. O. Box 449 Pineville Rd.
Charlotte 1, N. C.
Jackson 3–3141"
B. J. Shepard

That by order of plaintiff through Owsley, Reuland shipped two sample electric motors to plaintiff's plant in Greenville, South Carolina for testing by Owsley on plaintiff's weaving machines; that over a period of several months Owsley conducted extensive tests on such motors to determine their suitability for plaintiff's use and reported to plaintiff that said motors would be suitable (see report attached to Mr. Vila Reyes' affidavit as "Exhibit B"); that, based upon said report, plaintiff ordered numerous motors from Reuland, many of which later proved defective; that plaintiff returned motors to Reuland for repair on numerous occasions and Owsley, through B. J. Shepard, made at least 30 different trips to plaintiff's plant in Greenville to discuss difficulties with the motors and possible improvements, to conduct tests of the motors and to solicit new orders; that most of the motors claimed by Iwer to be defective are located in South Carolina and the majority of witnesses who would be called are residents of South Carolina. Also filed as an exhibit to affidavit of James C. Parham, Jr., is a copy of a letter of B. J. Shepard to plaintiff dated October 29, 1964, on Owsley's letterhead which includes the following reference:

"Representing

Reuland Electric Co.
Manufacturers—Electric Motors"

An additional affidavit of R. P. Owsley was submitted alleging that the sales agreement between Owsley and Reuland was similar to other agreements between Owsley and other manufacturers; that Owsley and Reuland are separate companies with no common stockholders, directors, officers, employees, common books of account or other interrelated activities except as stated; that Reuland exercises no control over the activities of Owsley, or Owsley's employees, except the agreement determining the price of motors and Owsley's commission; that Reuland ships directly to customers pursuant to orders placed through Owsley, collects the purchase price and remits commissions to Owsley; and that "Owsley in no way holds itself out as being an agent of Reuland, but portrays itself to its multiple customers as being an independent manufacturer's representative. * * * "

■ The court finds that the requirements of Section 10–424 and Section 12–23.14 of the South Carolina Code of Laws for 1962 for service of process against foreign corporations have been complied with fully by plaintiff, and that proper service has been made upon both defendants pursuant to said sections, as authorized by Rule 4 of the Federal Rules of Civil Procedure.

■ I find that both defendants have had such contacts with the State of South Carolina that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Boney v. Trans-State Dredging Co., 237 S.C. 54, 115 S.E.2d 508. The South Carolina courts have declared that it is the policy of this State to extend its service of process statutes to the limit allowed by constitutional standards. In Shealy v. Challenger Manufac-

**378**

turing Co., 304 F.2d 102 (4th Cir. 1962) the court stated at page 107:

"* * * As applied by the highest court of that state (South Carolina), the statutes approach, if they do not reach, ultimate constitutional bounds. * * *"

Uncontroverted facts set forth in the affidavits before the court, as well as documentary evidence in the form of exhibits, amply support the conclusion that both defendants had contacts within the State of South Carolina during the period in question sufficient to sustain this court's jurisdiction under the authority of the decisions dealing with the South Carolina statute. Shealy v. Challenger Manufacturing Co., supra; Graybill v. Sims Saddle and Leather Co., Inc., 241 F.Supp. 432 (E.D.S.C.1965); Szantay v. Beech Aircraft Corp., 237 F.Supp. 393 (E.D.S.C.1965), aff'd. 349 F.2d 60; Carolina Boat and Plastics Co. v. Glascoat Distributors, 152 S.E.2d 352 (S.Ct. S.C.1967).

 Owsley's repeated trips into South Carolina for the purpose of soliciting and placing orders, testing and reporting on motors, and troubleshooting with respect to defective motors constituted sufficient minimum contacts required by the foregoing decisions. Likewise, the activities of Reuland in selling and shipping motors to plaintiff in the State of South Carolina with related activities also constituted sufficient minimum contacts under these cases.

Although the evidence is susceptible of the inference that Owsley held itself out to the public and to plaintiff as Reuland's agent, and that Owsley could be said to have acted as Reuland's agent, the court does not reach or decide this issue, in view of the court's determinations hereinabove set forth.

Since both defendants have transacted sufficient business within the State of South Carolina to subject them to the jurisdiction of this court, the motions of defendants to dismiss, or in lieu thereof to quash return of service, are hereby denied.

And it is so ordered.