**John E. JENRETTE, Plaintiff,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Defendant and Third-Party Plaintiff,**

v.

**PENN–CENTRAL RAILROAD COMPANY, Third-Party Defendant.**

**Civ. A. No. 68–881.**

United States District Court
D. South Carolina,
Florence Division.

May 2, 1969.

James P. Mozingo, III, D. Kenneth Baker, Greer & Chandler, Darlington, S. C., for plaintiff.

Julius McKay, Columbia, S. C., Hugh L. Willcox, Florence, S. C., for defendant and third-party plaintiff.

John G. McMaster, Columbia, S. C., for third-party defendant.

## ORDER

DONALD RUSSELL, District Judge.

The third-party defendant Penn-Central Railroad Company (hereinafter referred to as Penn-Central), added as a third-party defendant by a prior order of this Court, has moved to set aside service of process in this action. It contends it is not amenable to service or subject to personal jurisdiction within South Carolina. I agree.

The defendant Seaboard Coast Line Railroad Company (hereinafter called Seaboard), at whose instance Penn-Central was brought in as a third-party defendant, concedes in its brief that, "Under the statutes that existed and under the interpretation of our (South Carolina) Court prior to the adoption of 10.2–801, et al., we doubt that Penn-Central Railroad Company would have been considered as doing business in South Carolina" or amenable to service under the laws of this State. It accordingly rests its assertion of valid service and claim of personal jurisdiction over Penn-Central solely upon Sections 803 and 804 of the South Carolina Uniform Commercial Code,[1] which provide:

*"Personal jurisdiction based upon conduct.*—(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

" * * * (d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; * * *.

*"Service outside the State.*—When the exercise of personal jurisdiction is authorized by this section, service may be made outside the State." Sections 10.2–803 and 10.2–804, Vol. 2A, Code of South Carolina (1962) as amended.

The issue posed by Penn-Central's motion thus is whether the service made upon it is warranted under the South Carolina "long-arm" statute, quoted *supra*.

It will be noted that, by the express language of the statutory provisions relied on by Seaboard, personal jurisdiction for wrongful injury or death based on "an act or omission outside this State" exists under this statute when "tortious injury or death" occurs "in this State (South Carolina)". But the injury or death must occur in South Carolina to support jurisdiction under this subsection and to establish that essential minimal contact of the suit with the local jurisdiction.[2] Certainly, where neither injury nor act of negligence[3] oc-

---

1. Both parties have assumed that personal jurisdiction in this action is determinable under South Carolina law. See, Bowman v. Curt G Joa, Inc. (C.C.A.N.C. 1966) 361 F.2d 706, 711–2.

   Service pursuant to a state statute such as Section 803 is a permissible forum of service in federal district courts under Rule 4(d) (7), Federal Rules of Civil Procedure.

2. It is interesting that this fixing of situs of injury or death as a basis of jurisdiction has considerable analogy with the generally accepted rule that it is the law of the place of injury, as distinguished from the law of the place of the al-

leged wrongful act or omission, that controls in establishing the law applicable to a case. Annotation, 77 A.L.R.2d 1266, et seq.

3. While the particular provision of the statute on which the defendant Seaboard relies does not make provision for jurisdiction where the basis for jurisdiction is that the act of negligence occurred within the state, this result may follow under the principles announced in Boney v. Trans-State Dredging Co. (1960) 237 S.C. 54, 63, 115 S.E.2d 508, and Carolina B. & P. Co. v. Glascoat Distri., Inc. (1967) 249 S.C. 49, 53, 152 S.E.2d 352 ("the character of the acts

curs within a state, so-called "long-arm" statutes as generally framed in the form of the South Carolina statute are inapplicable, for, as the Court said in Deveny v. Rheem Manufacturing Company (C.C.A.Vt.1963) 319 F.2d 124, 127, "the long arm of state courts is permitted to reach out-of-state defendants *only in suits growing out of acts which have created contacts with the forum state,* however limited or transient such contracts may be." (Italics added)

While the South Carolina Courts have had no occasion to construe it, subsection (d) of section 803 has been uniformly construed in other jurisdictions having like provision as requiring as a condition of personal jurisdiction that the death or injury for which suit is brought occur within the jurisdiction. Thus, in St. Clair v. Righter (D.C.Va. 1966) 250 F.Supp. 148, 150, the Court construed a Virginia "long-arm" statute identical with section 803. Subsection (4) of the Virginia statute was phrased in the same way as subsection (d) of the South Carolina statute. Such subsection of the Virginia act, it was held, applied in granting personal jurisdiction only if the injury or death involved occurred in Virginia.

The language of the particular section of the South Carolina "long-arm" statute involved here is likewise substantially identical with that of a similar section of the New York "long-arm" statute.[4] Such New York statute was construed in Friedr, Zoellner (New York) Corp. v. Tex. Metals Co. (D.C.N.Y.1967) 278 F.Supp. 52, 56, aff. (2 Cir.) 396 F.2d 300, where, in explaining the purpose of such provision, the Court said it "was designed instead to cover

cases where products purchased or manufactured in another jurisdiction caused injury in New York." See, also, Crimi v. Elliot Bros. Trucking Company (D.C. N.Y.1968) 279 F.Supp. 555, 556. The crucial point under the statute is thus the situs of injury. The absence of such vital fact of situs of injury within the jurisdiction, it was held, is fatal to personal jurisdiction under the statute.

Fayette v. Volkswagen of America, Inc. (D.C.Tenn.1967) 273 F.Supp. 323, 328, supports, though indirectly, a like construction of the statute. In Tennessee, T.C.A. § 20–235(a), the limit of the "long-arm" statute is confined to "Any tortious act or omission within this state". It was held that, under such legislation, personal jurisdiction over a non-resident required that the act of negligence occur within the State of Tennessee and it was not sufficient that the act of injury or death occur in Tennessee. The Court then added, quoting from 18 Vanderbilt Law Review, 1495–1496:

> " 'If the Tennessee Legislature had intended its law to include a situation where the act or conduct occurs outside the state and only the injury occurs within the state, another subsection could have been added to the law similar to the provision of the Uniform Interstate and International Procedure Act which clearly encompasses activity outside the state:
>
> " '(3) causing tortious injury by an act or omission in this state;
>
> " '(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits its business, or engages in any other persistent course of conduct, or de-

---

giving rise to the litigation, the circumstances of their commission") and is specifically covered by subsection (c) of the South Carolina "long-arm" statute. See, particularly, the excellent analysis of the pertinent South Carolina decisions and the clear statement of South Carolina law prior to the enactment of the Uniform Commercial Code in the opinion of Chief Judge Haynsworth in Shealy v.

Challenger Manufacturing Company (C. C.A.S.C.1962) 304 F.2d 102.

4. The New York statute, CPLR N.Y. 302 (a), par. 2, provides for personal jurisdiction when the person "commits a tortious act without the state causing injury to person or property within the state."

rives substantial revenue from goods used or consumed or services rendered, in this state. * * * ' "

It follows both from its express language and from its uniform construction in other jurisdictions that subdivision (d) will not support personal jurisdiction of Penn-Central in this case. In this case, both the acts of negligence and the injury and death of the intestate as a result of such negligence occurred without South Carolina. There are accordingly not those essential minimal contacts of this forum with the facts giving rise to the cause of action alleged in the third-party complaint to sustain service of process under subdivision (d) of Section 803, which requires that the tortious act or injury giving rise to the cause of action occur in South Carolina. Under such circumstances, it is not necessary to consider whether the facts will support the other condition of subsection (d), that is, "if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State".

The motion of the third-party defendant Penn-Central Railroad Company to vacate the service of process on it and to dismiss the third-party complaint is accordingly sustained.

And it is so ordered.

This Order, it seems, is not appealable as a final order. County Bank, Greenwood, S. C. v. First National Bank (C.C.A.S.C.1950) 184 F.2d 152. However, if this Court is incorrect in its disposition of the motion herein, all the parties might be seriously inconvenienced by the requirement of a new trial. I am of the opinion that this Order involves a controlling question of law as to which there can be substantial ground for difference of opinion, and I am further of the opinion that an immediate appeal from this Order would materially advance the ultimate determination of the litigation. Further proceedings in the district court are stayed to permit appeal to be taken from the Order vacating the service of process on the third-party defendant Penn-Central Railroad Company and dismissing the third-party complaint, the application for such review to be made within ten days after the date of the Order. 28 U.S.C.A. § 1292(b).