**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Terrence Deshawn Lenyear, Appellant.

Appellate Case No. 2023-001741

———————————

Appeal From Greenwood County
Joseph C. Smithdeal, Family Court Judge

———————————

Unpublished Opinion No. 2026-UP-152
Submitted March 2, 2026 – Filed April 1, 2026

———————————

**AFFIRMED**

———————————

Terrence Deshawn Lenyear, of Greenwood, pro se.

Andrea Devorea Spriggs, of the South Carolina
Department of Social Services, of Greenville, for
Respondent.

———————————

**PER CURIAM:** Terrence Deshawn Lenyear appeals the family court's final order finding he was the father of E. C. and ordering him to pay $542.29 in monthly child support payments. On appeal, Lenyear argues that (1) the South Carolina Department of Social Services (SCDSS) did not prove it had "in personam

jurisdiction" over him and (2) because neither SCDSS nor the family court established personal jurisdiction, he was "under no obligation to perform in any manner which include[ed] paternity testing." We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err by finding it had personal jurisdiction over Lenyear. *See Ex parte S.C. Dep't of Revenue*, 350 S.C. 404, 407, 566 S.E.2d 196, 198 (Ct. App. 2002) ("The court's exercise of personal jurisdiction over a party 'will not be disturbed on appeal unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law.'" (quoting *Indus. Equip. Co. v. Frank G. Hough Co.*, 218 S.C. 169, 173, 61 S.E.2d 884, 885 (1950))). First, we hold Lenyear's voluntary appearance at the September 2023 negotiation conference, combined with his filing of multiple affidavits that argued the merits of his case, was sufficient to establish the family court's personal jurisdiction. *See Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP*, 373 S.C. 331, 337, 644 S.E.2d 793, 796 (Ct. App. 2007) ("Although a court commonly obtains personal jurisdiction by the service of the summons and complaint, it may also obtain personal jurisdiction if the defendant makes a voluntary appearance."); *id.* at 338, 644 S.E.2d at 796 (holding that a voluntary appearance may be implied from an act carried out with the intent to submit to the court's jurisdiction); *id.* ("[C]ourts decide on a case[-]by[-]case basis whether a defendant's act demonstrates an intent to submit to the court's jurisdiction.").

Next, we hold that Lenyear's argument, "that he is exempt from service and the jurisdiction of another" because he is a lawful freeman, is without merit; Lenyear, who admitted to using the name Terrence Deshawn Lenyear "for the sole purposes of commerce," failed to provide any evidence, other than his own assertions, that he was a "stateless non-legal entity." We also hold Lenyear's argument—that pursuant to Rule 9(a) of the South Carolina Rules of Civil Procedure he was entitled to "raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity" if he did so using "specific negative averment"—is without merit because the court *did* allow Lenyear to raise and argue the issue of his own legal existence at the November 2023 hearing.

Lastly, we hold the issue of whether the court established personal jurisdiction over Lenyear, and thus could compel him to submit to paternity testing, is not preserved

for appellate review.[1] *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").  Although Lenyear submitted a "Lawful Affidavit of Denial of Paternity and Parentage" prior to the November 2023 hearing, he did not raise the issue at the hearing, the family court did not rule on this issue in its final order, and he did not raise the issue in his motion to reconsider.  *See Hancock v. Wal-Mart Stores, Inc.*, 355 S.C. 168, 171, 584 S.E.2d 398, 399 (Ct. App. 2003) (holding that even though the appellant raised an argument before the family court, it was not preserved because it was not addressed in the court's final order and the appellant did not file a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure).

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] Lenyear's second issue contains improper arguments because his final brief was not identical to his initial brief and was in violation of the South Carolina Appellate Court Rules.  Therefore, we address only the issues and arguments set forth in Lenyear's initial brief.  *See* Rule 211(b)(1)-(2), SCACR (requiring the parties' final briefs be identical to their initial briefs except for the addition of references to the record and the correction of typographical errors).

[2] Lenyear filed a motion for oral argument in February 2024, and in May 2024, this court issued an order stating the motion was denied.  We decide this case without oral argument because it would not aid this court in resolving the issues.  *See* Rule 215, SCACR ("The appellate court may decide any case without oral argument if it determines that oral argument would not aid the court in resolving the issues.").